United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50085

PAUL HORTON; SARAH HORTON,

Plaintiffs - Appellants

versus

CITY OF SMITHVILLE, BASTROP COUNTY; JACK PAGE; TODD HELMCAMP; ELISE
J. HELMCAMP,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
(No. A-02-CV-669-LY)

Before WIENER and PRADO, Circuit Judges, and LITTLE,[*] District
Judge.

PER CURIAM:[**]

Plaintiffs-Appellants Paul and Sarah Horton (the "Hortons")
appeal the district court's summary judgment dismissal of their 42
U.S.C. § 1983 and Texas state law claims against Defendants-
Appellees, the City of Smithville, its Public Works Director, Jack

---

[*] District Judge, Western District of Louisiana, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Page, and the Hortons' neighbors, Todd and Elise Helmcamp.[1]   We affirm.

## I. FACTS AND PROCEEDINGS

The Hortons complain that the Helmcamps' use of their property to stage the "WayStation Opry," a live music event, violates Smithville zoning ordinances, and that the City and Page actively participated in and encouraged this violation.  The Hortons contend that the noise created by the amplified music and the crowds attending the Opry infringed their constitutional rights by (1) depriving them of a property interest, viz., the peaceful enjoyment of their home, without due process or equal protection of the law and (2) diminishing the value of their home without just compensation.

Defendants responded that the Helmcamps' use of their property is legal and appropriate, as the Helmcamps and the Hortons both live in a commercially-zoned district. The Hortons' disagreement with the City as to the interpretation of a local zoning ordinance does not, defendants argue, give rise to a constitutional claim. The district court granted summary judgment in favor of the defendants, dismissing the Hortons' constitutional claims with prejudice and their state claims without prejudice.  The Hortons timely filed their notice of appeal.

---

[1] The Hortons brought only state law claims against the Helmcamps, which the district court dismissed without prejudice. That suit is now proceeding in state court.

## II. ANALYSIS

A.   Standard of Review

The district court's dismissal of all the Hortons' § 1983 claims was grounded in the conclusion that they had not stated any constitutional violations.  We review de novo the court's summary judgment dismissal of the Hortons' takings, due process, and equal protection claims.[2]

B.   Takings

Neither party briefed the issue of ripeness; but, as this implicates jurisdiction, we must raise the issue sua sponte.[3]  A takings claim is not ripe until a plaintiff has been denied just compensation.[4]  Before a plaintiff may bring a § 1983 takings claim in federal court for losses resulting from the application of local zoning regulations, he must obtain a final decision from state officials responsible for administering the zoning ordinances.[5]

Although Page has responsibility for initial zoning determinations, the decision on whether a particular use of

_____

[2] Bryan v. City of Madison, 213 F.3d 267, 272 (5th Cir. 2000).

[3] Sandy Creek Investors, Ltd. v. City of Jonestown, 325 F.3d 623, 626 (5th Cir. 2003).  See also Samaad v. City of Dallas, 940 F.2d 925, 934 (5th Cir. 1991).

[4] John Corp. v. City of Houston, 214 F.3d 573, 581 (5th Cir. 2000).

[5] Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194 (1985).  See also John Corp, 214 F.3d at 581; Hidden Oaks v. City of Austin, 138 F.3d 1036, 1041 (5th Cir. 1998).

property complies with zoning regulations can be made only by the city council. The Hortons did not assert, either in their briefs or at oral argument, that they ever requested such a hearing before the city council. Judging from the contentions of the parties and the record on appeal, no final decision was ever reached on the interpretation of Smithville's zoning ordinances vis-à-vis the Helmcamps' use of their property. We hold that the Hortons' takings claim is not ripe, leaving us without jurisdiction to hear this claim.

We further note that, even if the Hortons' takings claim were ripe, it appears to have no merit. The nature of the interference with the Hortons' property, although palpable when the Opry is in session, does not rise to the level of a taking.[6] According to Smithville's ordinance, the City cannot grant noise permits to the same business more than twice in a month; and, if a permit is granted, the noise must cease no later than 10:00 p.m. Neither have the Hortons alleged any physical invasion resulting from the Opry. Based on the Hortons' allegations, the Helmcamps' Opry appears to be more a nuisance to the Hortons than a taking of their

---

[6] See Samaad, 940 F.2d at 938 (holding that noisy and disruptive grand prix automobile races taking place in public park close to plaintiffs' property did not amount to a "taking." The relatively insignificant duration of the conduct, which took place over three or four days in two separate years, and the fact that the conduct would support a nuisance action rather than interfering with one of the more important "sticks in the bundle" of property owners' rights did not sufficiently interfere with plaintiffs' property rights to "take" value in the constitutional sense.).

4

property.

C.   Due Process

The Hortons' contention that the City's zoning determination violates their due process rights in addition to the takings clause seems to advance that the City acted arbitrarily and capriciously when it misinterpreted or selectively disregarded its own zoning ordinances, resulting in diminution of value of the Hortons' property.   Before charging a violation of his substantive due process rights, a party must show that he was deprived of a constitutionally-protected property right.[7]   The Hortons allege that the City's decision implicated their property interests in the investment value and the peaceful use and enjoyment of their home. The true interest asserted by the Hortons, however, is the right to have Smithville enforce its zoning ordinances in the way that the Hortons believe they should be enforced.

We have recognized that discretionary statutes do not give rise to constitutionally-protected property interests.[8]   The provisions of the Texas Local Government Code cited by the Hortons address a municipality's power to adopt zoning ordinances but do

---

[7] Bryan, 213 F.3d at 274.

[8] See Baldwin v. Daniels, 250 F.3d 943, 946 (5th Cir. 2001) (finding that Mississippi law expressly committed approval of bail bonds to the discretion of the responsible officer, which left appellant soliciting bond agent with no property interest in having her bonds accepted by Pontotoc County)(citing Neuwirth v. La. State Bd. of Dentistry, 845 F.2d 553, 557-58 (5th Cir. 1988).

5

not require mandatory enforcement.[9]  The Hortons have directed us to no Smithville law, and we have found none on our own, requiring the City to enforce its land-use regulations.  Furthermore, alleging that a city official reached the wrong conclusion on a zoning decision does not implicate the Constitution:  "[T]he due process clause does not require a state to implement its own law correctly [, nor does] the Constitution . . . insist that a local government be right."[10]  As the Hortons have no property interest at stake here, they have stated no due process claim.  We therefore affirm the district court's dismissal of this claim.

D.   Equal Protection

A plaintiff may prove an equal protection violation either by showing that others situated similarly to him were treated differently or that he was singled out for selective enforcement of a rule.  The Hortons' claim sounds in selective enforcement.  To prove a selective enforcement claim, a "plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent

_____

[9] See TEX. LOC. GOV'T CODE §§ 211.004, 211.006.

[10] FM Props. Operating Co. v. City of Austin, 93 F.3d 167, 174 (5th Cir. 1996)(quoting Gosnell v. City of Troy, 59 F.3d 654, 658 (7th Cir. 1995). We held in FM Properties that a city council's allegedly incorrect interpretation of state law did not violate the Fourteenth Amendment and emphasized the impropriety of bootstrapping alleged violations of state law on to federal due process claims. Id.

6

the exercise of a constitutional right."[11]  As they have presented no proof that improper considerations motivated Page or the City, the Hortons' equal protection claim fails.[12]

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing all claims advanced by the Hortons is

AFFIRMED.

---

[11] <u>Bryan</u>, 213 F.3d at 277.

[12] The Hortons' conspiracy claim comprises two-thirds of one page of their brief and cites no case law authority or evidence in the record.  We therefore hold this claim to be abandoned. <u>See</u> <u>L & A Contracting Co. v. S. Concrete Servs.</u>, 17 F.3d 106, 113 (5th Cir. 1994)(holding appeal to be abandoned because appellant cited no authority in a one-page argument).