**VRC, L.L.C., Plaintiff,**

v.

**CITY OF DALLAS, et al., Defendants.**

**No. Civ.A.3:03–CV–0442–B.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 10, 2005.

James C. Mosser, Mosser Mallers, Dallas, TX, for Plaintiff.

J. G. Schuette, Denise A. Driskell, Dallas City Attorney's Office, Dallas, TX, for Defendant.

Jeff Abrams, Dallas, TX, pro se.

*MEMORANDUM ORDER*

BOYLE, District Judge.

Before the Court is Plaintiff VRC, L.L.C.'s Second Motion for Remand for Want of Subject Matter Jurisdiction (doc. 61), filed October 15, 2004. Because many of VRC's claims are not ripe for adjudication, the Court **GRANTS IN PART** VRC's Motion and **REMANDS** VRC's federal takings claims, state law claims, and due process claims, both substantive and procedural. The Court also **VACATES** the trial setting and **ORDERS** Defendant City of Dallas to file a Sur-reply on the issue of staying the remaining federal litigation.

## I. BACKGROUND

Plaintiff VRC, L.L.C. ("VRC") is a tow truck company that provides towing services in the Dallas area. VRC brings this suit against Defendant City of Dallas ("the

City"),[1] challenging Dallas City Ordinance 48A–43 which caps the amount a tow truck company may charge for a nonconsent tow at $95. VRC alleges that City Ordinance 48A–43 is an unconstitutional taking under the Texas and United States Constitutions and violates due process and equal protection. VRC filed suit in the 95th Judicial District Court of Dallas County, Texas on February 12, 2003. The City removed the suit to federal court on March 3, 2003, asserting that VRC's suit included federal claims, creating federal question jurisdiction.

On June 20, 2003, VRC moved for remand based on a lack of subject matter jurisdiction. The Court denied VRC's Motion as moot on March 26, 2004, after permitting VRC to file its First Amended Complaint that clearly stated a federal cause of action under 42 U.S.C. § 1983. (Pl.'s First Am. Compl. ¶¶ 5, 85–89) Following a status conference, VRC filed the instant Motion for Remand, re-urging the Court to find that subject matter jurisdiction does not exist.[2] The City opposed VRC's Motion in part, but agreed that VRC's state takings claims should be remanded. In its Reply Brief, VRC urged the Court, for the first time, to stay the federal litigation while it pursued its state court remedies. The Court now turns to the merits of the parties' arguments.

## II. ANALYSIS

■ VRC brings this Motion for Remand a year and a half after the case was removed. While motions for remand must be brought within thirty (30) days of removal in the case of a procedural defect, remand is appropriate at any time when based on a lack of federal subject matter jurisdiction. 28 U.S.C. § 1447(c) (1994 & Supp.2004). An essential prerequisite to subject matter jurisdiction is ripeness, which means a case must not be speculative or premature. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir.2002). If VRC's claims are not ripe for adjudication, this Court cannot exercise subject matter jurisdiction over this action.

In its Motion for Remand, VRC argues that its takings claims under the 5th and 14th Amendments to the United States Constitution are not ripe for decision under the doctrine articulated by the Supreme Court in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). According to *Williamson County*, a federal takings claim is not ripe until (1) the governmental body charged with implementing the regulations has reached a final decision, and (2) the plaintiff has sought compensation through the procedures the state has provided. *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 796 (5th Cir.2004) (citing *Williamson County*, 473 U.S. at 186, 194, 105 S.Ct. 3108). Specifically, the Court in *Williamson County* found that the plaintiff's claim was not ripe because he had not attempted an inverse condemnation procedure under Tennessee law. *Williamson County*, 473 U.S. at 196–97, 105 S.Ct. 3108. Here, Texas law provides a similar inverse condemnation procedure for individuals who believe their property has been taken without compensation. *See* TEX. CONST. art. I, § 17. Thus, to be ripe, VRC must show that it has followed Texas's inverse condemnation procedure or that such pro-

---

**1.** VRC also listed Does 1–25 as defendants in this suit. (Pl.'s First Am. Compl. ¶ 4) Because VRC has never identified or attempted to join these individuals, the Court will refer to the City as the sole defendant in this case.

**2.** This case was transferred from the docket of the Honorable A. Joe Fish to the docket of the Honorable Jane J. Boyle on July 19, 2004, pursuant to Special Order No. 03–236.

cedure is inadequate. *See Samaad v. City of Dallas*, 940 F.2d 925, 933 (5th Cir.1991). With this background, the Court will analyze each of VRC's claims presented in its First Amended Complaint.

### A. Federal Takings under the 5th and 14th Amendments

■ Both parties agree that VRC's federal takings claims are not ripe because VRC has failed to satisfy the second prong of the *Williamson County* test.[3] VRC has not yet completed an inverse condemnation procedure under Texas law in an effort to receive compensation. Although VRC includes an inverse condemnation claim under Texas law in this lawsuit, Fifth Circuit precedent prevents courts from hearing inverse condemnation and federal takings claims simultaneously in order to create ripeness. *Samaad*, 940 F.2d at 934. Therefore, VRC's federal takings claim is not ripe.

■ There is some question as to whether this Court should remand or dismiss VRC's federal takings claims at this point. *See, e.g., Milliken v. Town of Addison*, No. Civ. A. 3:02–CV–1164–D, 2002 WL 31059802 (N.D.Tex. Sept.13, 2002) (Fitzwater, J.) (remanding federal takings claim); *Bass v. City of Dallas*, No. 3–97–CV–2327–BD, 1998 WL 417772 (N.D.Tex. July 21, 1998) (Kaplan, Mag. J.) (dismissing federal takings claim). Because this Court is remanding VRC's state law claims (*see* Section II.B *infra*), the Court will also remand the federal takings claims so that VRC may comply with the procedure set out in *Guetersloh v. Texas*, 930 S.W.2d 284 (Tex.App.-Austin 1996, writ denied)

(describing process of reserving federal claims during state court litigation). Therefore, the Court **REMANDS** VRC's federal takings claims.

### B. State Law Claims

VRC also brings a claim under Article I, Section 17 of the Texas Constitution, which is the source of Texas's inverse condemnation law. While this claim may be properly brought in federal court pursuant to this Court's supplemental jurisdiction, *see Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 385 (5th Cir.2001) (permitting federal courts to hear state takings claims as long as federal jurisdiction was established), both parties agree that the claim should be remanded. Because Texas courts have a more significant interest in deciding an inverse condemnation procedure under the Texas Constitution, the Court **REMANDS** VRC's state law claims in this case.[4]

### C. Substantive Due Process under the 14th Amendment

■ Substantive due process claims that rest on the same protections that are afforded by the Takings Clause are subsumed by the federal takings claims. *John Corp. v. City of Houston*, 214 F.3d 573, 583 (5th Cir.2000). In such a case, the substantive due process claims are treated as federal takings claims and subject to the *Williamson County* ripeness doctrine. *See generally, id.* at 583–86. However, the Fifth Circuit has refused to create a blanket rule that all substantive due process claims related to takings

---

**3.** The parties do not dispute that the first prong of the *Williamson County* test has been satisfied.

**4.** In its Reply Brief, VRC states that it has also brought a state procedural due process claim under Article I, Section 9 of the Texas

Constitution; however, VRC's First Amended Complaint does not reflect such a claim being made. Out of an abundance of caution, though, this Court remands all of VRC's state law claims, including the state procedural due process claim, to the extent it exists.

claims are subsumed. *Id.* at 583; *see also Simi Inv. Co. v. Harris County*, 256 F.3d 323, 323–24 (5th Cir.2001) (per curiam) (stating that claims regarding deprivations of property should be treated as takings claims except in the "rare cases" of illegitimate and arbitrary governmental abuse, vague statutes, or retroactive statutes). Therefore, the Court must look to the specific claims at issue in this case to determine if VRC's substantive due process claims are more appropriately considered as federal takings claims.

VRC's First Amended Complaint makes multiple claims invoking the doctrine of due process. (Pl.'s First Am. Compl. ¶¶ 60–72) Although it is unclear exactly what VRC is alleging, VRC states in its Reply Brief that its substantive due process claims are "subsumed" by its federal takings claims. (Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. for Remand ¶ 21) Because its First Amended Complaint is unclear, the Court will rely on VRC's representation that its substantive due process claims are subsumed by its federal takings claim. VRC's substantive due process claims are, thus, not ripe for adjudication for the same reason its federal takings claims are not ripe. Therefore, the Court **REMANDS** VRC's substantive due process claims.

## D. Procedural Due Process

VRC's procedural due process claim is based on the argument that the City did not take adequate procedural steps to prevent property deprivations when enacting City Ordinance 48A–43. In *John Corporation*, the Fifth Circuit found that a procedural due process claim was not ripe because additional factual development was necessary. *John Corp.*, 214 F.3d at 585–86. Essentially, the Fifth Circuit held that until the conclusion of the inverse condemnation proceedings, there was no "taking" which would require procedural due process. *Id.* Similarly in this case, until the Texas courts decide the inverse condemnation action, this Court cannot determine whether a taking has occurred and will not be able to fully evaluate VRC's procedural due process claim. Therefore, as the Fifth Circuit did in *John Corporation*, the Court finds that VRC's procedural due process claim is not ripe and **REMANDS** the claim to state court.

## E. Equal Protection

The parties agree that VRC's equal protection claim is ripe and properly before this Court. Again, VRC's First Amended Complaint is too vague for the Court to accurately determine whether VRC's equal protection claim is simply a restatement of its federal takings claim and, thus, unripe. However, because the parties agree that VRC's equal protection claim is distinct from the federal takings claim, the Court will permit VRC to continue pursuing that claim in federal court. If it becomes clear after further case development that the equal protection claim is not ripe, the Court will have no choice but to dismiss it.

## F. Private takings claim

Although not addressed by either party, VRC's private takings claim is ripe and properly before this Court. *Samaad*, 940 F.2d at 936–37.

## G. Further Proceedings

In its Reply Brief, VRC requests that the Court stay the litigation of the remaining federal claims until the state court renders a decision on the inverse condemnation proceeding. (Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. for Remand ¶¶ 25–34) Then, VRC suggests that it could join its federal takings claims, due process claims, and equal protection claims in a single suit in this Court. Because VRC requested

this relief in its Reply Brief, the City was not given an opportunity to respond. Therefore, the Court **ORDERS** the City to file a Sur-reply by January 28, 2005, regarding the issue of staying litigation of the remaining federal claims until the conclusion of the state court litigation.

Because of the status of this litigation, the Court **VACATES** the current trial setting of February 14, 2005 and suspends the current Scheduling Order. Once the Court determines whether a stay is warranted, it will issue an appropriate scheduling order.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** VRC's Motion for Remand. Specifically, the Court **REMANDS** VRC's federal takings claims under the 5th and 14th Amendments to the United States Constitution, VRC's state law claims, and VRC's due process claims, both substantive and procedural. Remaining before the Court are VRC's equal protection and private takings claim. The Court ORDERS the City to submit a Sur-reply on the issue of staying the remaining federal litigation until the inverse condemnation proceedings are completed at the state court level by **January 28, 2005.** The Court also **VACATES** the trial setting of February 14, 2005, and suspends the current Scheduling Order until the issue of staying the litigation is resolved.

**SO ORDERED.**