# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50038

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

JOSEPH AMAYA,

Plaintiff-Appellant,

v.

CITY OF SAN ANTONIO,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-574

Before DAVIS, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The City of San Antonio demolished Joseph Amaya's structure after it deteriorated from fire damage. Amaya sued the city for an unconstitutional taking based on both the state and federal constitutions and for violation of the Fourth and Fourteenth Amendment.

In dismissing Amaya's suit, the district court opinion is well reasoned and has ample support. First, under Texas law, the abatement of a public

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50038

nuisance is not a taking.[1] Public nuisance includes a building that is an imminent danger to life or property.[2] Similarly, under federal law, destroying property that threatens the public does not infringe the Fourth or Fourteenth Amendment.[3] The evidence relied on to order demolition showed that Amaya's structure suffered significant fire damage and deteriorated after promised repairs were not made. Moreover, Amaya produced no evidence to refute this condition of the property. As such, because of the damage, deterioration, and lack of repair, his structure posed a threat to the public and no taking or constitutional violation occurred.

Finally, for a Fifth Amendment claim to exist, a plaintiff must be denied just compensation.[4] No denial of compensation occurs if a plaintiff fails to exhaust state remedies.[5] In Texas, an inverse condemnation proceeding is available for a plaintiff whose property is taken by the government.[6] Here Amaya does not allege that he invoked the condemnation proceeding, and thus, lacks a federal takings claim.

For these reasons and those expressed in the careful opinion of the district court, we AFFIRM.

---

[1] *City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012).

[2] San Antonio, Tex., Code § 6-175 (2015); *Patel v. City of Everman*, 179 S.W.3d 1, 11 (Tex. 2004).

[3] *See RBIII, L.P. v. City of San Antonio*, 713 F.3d 840, 844-47 (5th Cir. 2013) ("[T]he City['s]…decision to demolish the structure on an emergency basis was entitled to deference and did not violate [plaintiff's] right to procedural due process unless it was arbitrary or an abuse of discretion."); *Kinnison v. City of San Antonio*, 480 F. App'x 271, 277, 281 (5th Cir. 2012).

[4] *Horton v. City of Smithville*, 117 F. App'x 345, 347 (5th Cir. 2004) (per curiam).

[5] *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985).

[6] *VRC, L.L.C. v. City of Dallas*, 391 F. Supp. 2d 437, 439 (N.D. Tex. 2005) (citing Tex. Const. art. I § 17).