

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00148-CV

**HOUSE OF PRAISE MINISTRIES, INC.,**

**Appellant**

 **v.**

**CITY OF RED OAK, TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 87580

## MEMORANDUM OPINION

House of Praise Ministries, Inc. appeals the trial court's dismissal of its appeal of a municipal court's order pursuant to the City of Red Oak's plea to the jurisdiction. Because the trial court only erred in part, the trial court's judgment is affirmed in part and reversed and remanded in part.

**BACKGROUND**

House of Praise (HOP) bought property in the City of Red Oak to build a new church. A brick structure and a mobile home park were on the property at the time HOP

bought the property.[1]  In an attempt to bring the property into compliance with the City's "Code of Ordinances," a code enforcement officer determined that certain aspects of the property were substandard and dangerous and notified HOP.

In 2013, a hearing was held in the municipal court to determine whether the property was in violation of the City's code.  After the hearing, the municipal court issued an "Order for Substandard Structure" in which the court found the property was dilapidated, substandard and unfit for human habitation, hazardous to public health and safety and welfare, and did not meet the minimum standards for continued use and occupancy contained in the City's Code of Ordinances.  HOP was ordered to make specified repairs or demolish and remove the brick structure and the mobile home park.

In response, HOP filed a motion for new trial which was overruled by operation of law and then filed a verified petition for review of the municipal court's order in the district court of Ellis County.  The City filed a plea to the jurisdiction, and after a hearing, HOP filed an amended verified petition.  The City then filed an amended plea to the jurisdiction.  A hearing in the district court was held on the amended plea to the jurisdiction.  The district court granted the City's plea and dismissed HOP's amended verified petition with prejudice.

HOP appealed to this Court, bringing two broad issues for review; the first making various attacks on the order on the merits of the plea to the jurisdiction and the second making various complaints about the trial court's evidentiary rulings.

---

[1] HOP has not built a church on the property, opting instead to pay on the property loan with the rentals from the mobile home park.

**EVIDENTIARY RULINGS**

Because some of the evidentiary rulings complained about in HOP's second issue may weigh into the resolution of HOP's first issue on appeal, we discuss HOP's second issue first. In that issue, HOP contends the trial court erred in making various evidentiary rulings; the first being that it erred in overruling HOP's "objections" to testimony by the City Attorney. Specifically, HOP contends the City Attorney was erroneously permitted to testify regarding the status of the municipal court order.

The basis of one objection made by HOP during the City Attorney's argument to the trial court was that the City Attorney was "arguing the merits." This is not the argument HOP makes on appeal. In order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court. *See In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied). Because the objection asserted at the trial does not comport with the objection argued on appeal, HOP's complaint is not preserved. TEX. R. APP. P. 33.1(a).

The other objection HOP asserted during the City's alleged "testimony," that the comments by the City's attorneys regarding the status of the property and the status of what happened since the "plea" was filed was irrelevant, was never ruled on by the trial court.[2] Because there was no ruling, this objection did not preserve any complaint to consider on appeal. *See id*. (a)(2); *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009).

The next evidentiary ruling about which HOP complains is that the trial court

---

[2] We assume without deciding that the objection at trial comports with the argument on appeal.

erred in overruling HOP's objection to the City's affidavit of Bill Jordan, a former Code Enforcement Officer. HOP contends it objected to the affidavit. However, it failed to cite to the record where that objection can be found. The City asserted it was unable to locate an objection in the record. We were unable to locate the objection as well. In response to the City's assertion, HOP contends that objections to conclusory statements in an affidavit may be raised for the first time on appeal. *See e.g. Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (objection to summary judgment affidavit as conclusory may be raised for the first time on appeal). While that may be true, HOP did not direct the trial court or this Court to which, if any, of the statements in the affidavit are conclusory. Accordingly, because HOP did not object to the affidavit before the trial court and does not direct this Court to any alleged conclusory statements, its complaint about the affidavit's admission is not preserved. *See* TEX. R. APP. P. 33.1.

Next, HOP complains that the trial court erred in admitting the City's business records because those records are not admissible for proof of the matter asserted. HOP did not object to the admission of the City's business records into evidence. Accordingly, this complaint is not preserved. *See* TEX. R. APP. P. 33.1.

Lastly, HOP argues the trial court improperly excluded an "Amortization Agreement." The Amortization Agreement is a one page document attached to an affidavit in HOP's response to the City's amended plea to the jurisdiction and motion to dismiss. Determining whether to admit or exclude evidence lies within the trial court's sound discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex.

2007). A trial court exceeds its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for the trial court's judgment. *Id*. We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *see Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 264 (Tex. 2012).

The City argued to the trial court that the "agreement" was inadmissible under Rule 408 of the Texas Rules of Evidence. Prior to April 1, 2015 and during the time of the hearing in which this rule was argued as a basis for the exclusion of the amortization agreement, Rule 408 provided:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice or interest of a witness or a party, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

TEX. R. EVID. 408 (amended, eff. April 1, 2015). The rule is limited on its face to evidence which is presented to prove "the validity for or invalidity of [a] claim or its amount." *Smith v. State*, 898 S.W.2d 838, 843 (Tex. Crim. App. 1995).

The agreement was allegedly an offer by the City to not pursue a court action

against HOP regarding the condition of HOP's property if HOP adopted the schedule set out in the agreement. HOP did not accept the agreement. At trial however, HOP offered the agreement as some evidence purporting to prove the City, through the municipal court's Order for Substandard Structure, was "taking" HOP's property without just compensation. In other words, HOP was offering the agreement as evidence of the "validity" of its regulatory taking claim against the City. This is an improper use of the document under Rule 408. Moreover, in a subsequent section of this opinion, we hold that HOP has not asserted a valid regulatory taking claim against the City. Accordingly, the trial court did not abuse its discretion in excluding this evidence.

Because the trial court did not err in any of the complained of evidentiary rulings, HOP's second issue is overruled.

**PLEA TO THE JURISDICTION**

In its first issue, HOP contends the trial court erred, for various reasons, in granting the City's amended plea to the jurisdiction and dismissing HOP's amended verified petition.

A plea to the jurisdiction seeks dismissal of a case or a cause of action for lack of subject matter jurisdiction. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction involves a court's power to hear a case or cause of action. *Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007). We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When such a plea challenges the pleadings, we determine if the pleader has alleged facts that

affirmatively demonstrate the court's jurisdiction to hear the case. *Id*. at 226; *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 446 (Tex. 1993). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id*. at 227-228. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. Further, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id*. at 228. In the court below, the City challenged HOP's pleading as to some of HOP's claims and the existence of jurisdictional facts as to other claims.

A trial court is permitted to dismiss separate claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction. *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). A trial court is not required to deny an otherwise meritorious plea to the jurisdiction or a motion for summary judgment based on a jurisdictional challenge concerning some claims because the trial court has jurisdiction over other claims. *Id*. at 339.

*Verified Petition*

Several of HOP's complaints within this issue relate to its amended verified petition: whether it was timely, whether it stated grounds of illegality, and whether a writ of certiorari was timely and properly requested. We discuss each of these complaints

separately.

— *timeliness*

HOP contends the trial court had statutory jurisdiction over the case because HOP timely perfected its appeal of the municipal court's order by its amended verified petition. Local Government Code Section 214.0012 provides that any owner of property "aggrieved" by an order of a municipality issued under Section 214.001[3] may file a verified petition in district court complaining that the municipal court's decision is illegal and specifying the grounds of the illegality. TEX. LOC. GOV'T CODE ANN. § 214.0012(a) (West 2016). The petition must, however, be filed within 30 "calendar days" after the date a copy of the final decision of the municipality is: 1) personally delivered to the owner; 2) mailed to the owner by first class mail with certified return receipt requested; or 3) delivered to the owner by the U.S. Postal Service using a signature confirmation service. *Id.* If the petition is not timely filed, the municipal court's decision is final. *Id.*

The City alleged in its plea to the jurisdiction and first amended plea to the jurisdiction that HOP failed to plead sufficient facts which would invoke the trial court's jurisdiction because HOP failed to timely perfect its appeal of the municipal court's order. Specifically, the City contended that because the municipal court's order was signed on May 21, 2013, and HOP did not file a verified petition until July 10, 2013, HOP's petition is untimely. HOP responded to the City's initial plea to the jurisdiction that its 30 day timetable had not yet begun to run because the City had not complied with the required

---

[3] Section 214.001 allows a municipality to require, among other things, the demolition of a building.

means of providing a copy of the municipal court's final decision to HOP. In an amended verified petition filed on September 27, 2013, HOP alleged that, on August 28, 2013, after a hearing held on August 23, 2013[4] on the City's initial plea to the jurisdiction, the City personally delivered a copy of the municipal court's order to HOP; thus, it argues, the amended verified petition was timely filed. The City's first amended plea to the jurisdiction did not address this allegation.

At the hearing on the City's first amended plea to the jurisdiction, the City asserted that it provided a copy of the final draft of the municipal court's order by email to HOP the evening after the hearing in the municipal court. The City also argued that a copy of the order was personally delivered because "[HOP] had it, [HOP] looked at it, [HOP] refused to sign it, the court entered it and [HOP] then based [its] entire motion for a new trial ten days later verbatim tracking that order." The City did not, however, provide any proof of delivery of the signed final order by any of the alternative means required by statute.

On appeal, the City continues to argue that HOP's petition was not timely filed. It does not, however, argue that HOP was provided a copy of the order by any of the alternative required methods. Rather, it argues that by looking at HOP's motion for new trial filed with the municipal court, it was clear that "the final order was delivered" to HOP.[5] Also, on appeal, the City does not dispute HOP's allegation that a copy of the final

---

[4] The August hearing is not a part of the appellate record in this appeal.

[5] The word "personal" before the word delivery was dropped from the City's arguments on appeal.

order was personally delivered on August 28, 2013.

It appears that the City contends the specific methods of providing a copy of a final decision to a property owner set out in section 214.0012(a) are not required. None of the cases cited by the City support its argument. *See City of El Paso v. Caples Land Co.*, 408 S.W.3d 26 (Tex. App.—El Paso 2013, pet. denied) (trial court's alleged lack of authority to grant injunctive relief did not deprive trial court of subject matter jurisdiction); *Bates v. City of Beaumont*, 241 S.W.3d 924 (Tex. App.—Beaumont 2007, no pet.) (second letter sent by City, not first letter, triggered 30 day deadline; thus, plaintiff's petition was timely filed; no question whether final decision properly provided); *Amaya v. City of San Antonio*, 980 F. Supp. 2d 771 (W.D. Tex. 2013), *aff'd*, 621 F. App'x 298 (5th Cir. 2015) (suit untimely where copy of final decision received two years before; no question of whether final decision properly provided).

Whether HOP had a copy of the order is not what triggers the timetable for filing a verified petition. Personal delivery, delivery by mail, or mailing by first class mail triggers the timetable. TEX. LOC. GOV'T CODE ANN. § 214.0012(a) (West 2016). There is nothing ambiguous about the alternative methods for providing a copy of the order to trigger the filing timetable. And when a statute is unambiguous, we give the statute its plain and common meaning. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex. 1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

The plain and common meaning of section 214.0012(a) is that the timetable to file a verified petition is not triggered until a copy of the order is provided to the owner of the property in one of the statute's three enumerated methods. *See HDW2000 256 E. 49th*

*St., LLC v. City of Hous.*, No. 01-10-00942-CV, 2012 Tex. App. LEXIS 5776 (App.—Houston [1st Dist.] 2012, no pet.) (mem. op.) (construing the same language used in TEX. LOC. GOV'T CODE ANN. § 54.039(a) as unambiguous). Further, the plain and common meaning of personal delivery as used in this statute is that a copy of the final decision is hand-delivered, in person, to the "owner, lienholder, or mortgagee of record…aggrieved by an order…."[6] TEX. LOC. GOV'T CODE ANN. § 214.0012(a) (West 2016). When notified by HOP's response to the City's initial plea to the jurisdiction that a copy of the court's order had not been provided by any of the methods the statute authorized and required, the City did not controvert HOP's claim.

HOP's alleges in its amended verified petition that personal delivery of the municipal court's order was not achieved until August 28, 2013.[7] Its amended verified petition was filed on September 27, 2013, within 30 days of personal delivery. Therefore, HOP alleged sufficient facts to show its amended verified petition was timely filed and the trial court's jurisdiction was invoked.

### —*illegality*

In addition to being timely filed, a verified petition must set forth an allegation that the municipal court's order is illegal and must specify the grounds of the illegality. TEX. LOC. GOV'T CODE ANN. § 214.0012(a) (West 2016). The City asserted in its first

---

[6] Personal is defined as an act "done in person without the intervention of another." Webster's Collegiate Dictionary 10th Ed., 1993, p.867. Delivery is the act of delivering something. *Id*. at 306. To deliver is "to take and hand over to or leave for another." *Id*.

[7] Of course, by this time, HOP had already joined the issues in the trial court by filing a petition in July even before it received the final order.

amended plea to the jurisdiction that HOP had not stated any grounds in its verified petition as to why the municipal court order was illegal.

Regardless of whether or not HOP claimed in its petition the order was illegal and specified the grounds of illegality, the lack of specific claims of illegality is not jurisdictional. As stated earlier, subject matter jurisdiction involves a court's power to hear a case. *Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007). When interpreting section 211.011 of the Texas Local Government Code regarding the review of a municipal zoning board decision, a statute very similar to section 214.012, the Texas Supreme Court has held that while section 211.011 requires specific allegations of illegality, nothing indicates the Legislature intended compliance to be jurisdictional. *Id*. at 414. Courts have applied interpretations of section 211.011 when interpreting section 214.012 because of the similarities of the statutes.[8] *See Teague v. City of Jacksboro*, 190 S.W.3d 813, 818 (Tex. App.—Ft. Worth, 2006, pet. denied) ("In determining whether Teague invoked the trial court's subject matter jurisdiction under this section, we are guided by cases interpreting the appeal of zoning board decisions…, which involve virtually identical procedures."). *See also City of Hous. v. Carlson*, 393 S.W.3d 350, 356 (Tex. App.—Houston [14th Dist.] 2012, no pet.). After reviewing the holding in *Tellez,* we see no reason why the Texas Supreme Court's interpretation of the same language in section 211.001 as in section 214.012 would

---

[8] Compare TEX. LOCAL GOV'T CODE ANN. § 214.0012(a) (West 2016) ("Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under Section 214.001 may file in district court **a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality**.") (emphasis added) with *id*. § 211.011(a) ("Any of the following persons may present to a district court, county court, or county court at law **a verified petition stating that the decision of the board of adjustment is illegal in whole or in part and specifying the grounds of the illegality**[.]") (emphasis added).

not also apply here.

Accordingly, we hold that section 214.012's language requiring a petitioner to state in the verified petition that the municipal court's decision is illegal, in whole or in part, and specify the grounds of the illegality is not a jurisdictional prerequisite.

#### —writ of certiorari

Next, HOP asserts that it properly requested a writ of certiorari directed at the City. Although this particular complaint was not a subject of the City's written plea to the jurisdiction, the City asserted at the hearing on the plea that HOP did not properly or timely request the writ. A timely or properly requested writ of certiorari is not necessary to invoke the trial court's subject matter jurisdiction. *Teague v. City of Jacksboro*, 190 S.W.3d 813, 820 (Tex. App.—Fort Worth 2006, pet. denied).

### Regulatory Taking

Next, HOP asserts the City's enforcement of code violations constitute a regulatory taking of HOP's interests in that it interfered with HOP's reasonable investment-backed expectations. HOP alleged in its amended verified petition that the City presented HOP with an "Amortization Agreement" that would have essentially caused the elimination of HOP's ownership of the trailer park located on the property. HOP argued that compliance with the Amortization Agreement would wipe out HOP's rental income, and thus, HOP would have no means to recoup its investment in the property. HOP further alleged that the City's code enforcement officer demanded remediation to the property far in excess of what was required under the city ordinance and that the excessive remediation demands contained within the Amortization Agreement were intentional

and directed specifically toward HOP's relinquishment of its property rather than compliance with remediation.

Generally, a compensable regulatory taking occurs if governmental regulations: (1) deprive a property owner of all economically viable use of the property or totally destroys the property's value; or (2) unreasonably interfere with a property owner's right to use the property. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935 (Tex. 1998); *BMTP Holdings, L.P. v. City of Lorena*, 359 S.W.3d 239, 246 (Tex. App.—Waco 2011), *aff'd*, *City of Lorena v. Bmtp Holdings, L.P.*, 409 S.W.3d 634 (Tex. 2013). Determining whether a regulation has unreasonably interfered with a landowner's right to use and enjoy property requires a consideration of two factors: the economic impact of the regulation and the extent to which the regulation interferes with distinct investment-backed expectations. *Mayhew*, 964 s.w.2d at 935.

HOP insists on appeal that it has sufficiently pled a regulatory taking claim. However, to sufficiently plead such a claim, a plaintiff must complain about a governmental regulation. *See City of Houston v. Carlson*, 451 S.W.3d 828, 831 (Tex. 2014). In *Carlson*, the respondents did not contest any property-use restriction; rather, they objected only to the penalty imposed and the manner in which the city enforced its standards. *Id*. at 831-832. The Supreme Court held that because the respondents' pleading did not implicate any property-use restriction, no taking was alleged. *Id*. at 832. The same holds true for HOP. Instead of complaining about particular code provisions, HOP complains only about the enforcement of the City's code provisions. Accordingly, just as in *Carlson*, taking all the pleaded facts as true, because HOP does not contest a

property-use restriction, it has not alleged a regulatory taking.

Accordingly, we hold the trial court properly dismissed HOP's claimed illegality for a regulatory taking because on the basis of its allegations, it did not assert a claim for a regulatory taking over which the trial court would have jurisdiction.

*Due Process*

Lastly, HOP argues that it sufficiently pled facts that would support both a procedural and a substantive due process claim. Initially, we note that HOP requested damages in its amended verified petition. Damages cannot be requested when raising a procedural or substantive due process claim. *Smith v. City of League City*, 338 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A due process claim in which the plaintiff seeks monetary damages does not invoke the trial court's jurisdiction. *Id.*; *See Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 469 (Tex. App.—Fort Worth 1997, writ denied). Thus, to the extent of its claim for monetary damages, HOP has not invoked the trial court's jurisdiction for these claims by requesting damages.[9] Accordingly, these allegations of damages are superfluous, and the trial court did not err in holding the trial court had no jurisdiction of a claim based on these allegations.

*—procedural due process*

If an individual is deprived of a property right, the government must afford an appropriate and meaningful opportunity to be heard consistent with the requirements of procedural due process. *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001); *Mayhew v. Town of*

---

[9] Arguably, damages in a taking claim under the Texas Constitution are also prohibited. *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). The remedy is compensation, not damages. *Id*.

*Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998). Accordingly, a plaintiff alleging a procedural due process claim must establish that he was deprived of notice and an opportunity to be heard with respect to a decision affecting his property rights. *Mayhew*, 964 S.W.2d at 939.

It is undisputed that HOP had notice of the hearing and its purpose in the municipal court and had the opportunity to be heard and was heard. Rather than asserting it had no notice, HOP asserted in its verified petition that it did not receive "fair" notice of the individual code violations. Although HOP was provided notice of each code violation on its property with an abbreviated description of the item that violated the provision, HOP apparently wanted a more detailed description of the violations. This is not the standard. *See id.* at 939-940. To satisfy procedural due process, the City must only provide notice and an opportunity to be heard, which it did. Accordingly, HOP has not and cannot allege a valid procedural due process claim and the trial court did not err in granting the plea to the jurisdiction as to this claim.

—*substantive due process*

To show a substantive due process deprivation of property, a party must prove 1) he had a constitutionally protectable interest in the property, and 2) the government deprived him of that interest capriciously and arbitrarily. *City of Lubbock v. Corbin*, 942 S.W.2d 14, 21 (Tex. App.—Amarillo 1996, writ denied). HOP argues on appeal that it raised a substantive due process claim in its amended verified petition; however, it is

difficult for us to discern one.[10]  A paragraph entitled "Violations of Due Process" was included in HOP's amended verified petition, but it does not explicitly state any facts that show HOP had an interest in the property of which the City capriciously and arbitrarily deprived HOP.  HOP makes some assertions that might be interpreted to be a due process claim; however, those assertions were intertwined with HOP's regulatory taking claim. It is difficult to determine where the regulatory taking claim ended and the substantive due process claim began.  As such, the trial court did not erroneously grant the plea to the jurisdiction on HOP's alleged substantive due process claim because the allegations, as made, simply do not adequately describe the City's actions, if any, that HOP contend capriciously and arbitrarily deprive HOP of its property.[11]

*WHAT NOW?*

The question now becomes whether HOP is entitled to amend its pleadings to cure the jurisdictional defects.

When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend.  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-227 (Tex. 2004); *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002);*Peek v. Equip. Serv. Co.*, 779 S.W.2d 802,

---

[10] The City did not read HOP's petition as raising a substantive due process claim either.  Further, in its reply brief, HOP did not dispute the City's interpretation of the amended verified petition as to this alleged claim.

[11] The conclusory allegations that the code enforcement officer enforced the City's regulations arbitrarily and capriciously are inadequate, standing alone, to support such a claim.  Those allegations supported by factual allegations may, however, be adequate.

805 (Tex. 1989) ("Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend…").  In other words, a pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

As to the procedural due process claims, HOP was given all the procedure due.  Thus, the pleading defects as to the procedural due process claim cannot be cured.  Accordingly, there is no need to remand this claim to the trial court to give HOP a chance to amend its pleading to try to allege a procedural due process claim.

The same reason applies for not remanding the regulatory taking claim.  The pleading defects cannot be cured.  In the Texas Supreme Court's opinion in *Tex. A&M Univ. Sys. v. Koseoglu,* the plaintiff was not permitted to amend his pleadings because he pled the wrong cause of action, and any additional facts would not change his predicament. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).  In this case, HOP did not challenge a regulation so as to be able to state a claim for a regulatory taking, even though it labeled its claim as a regulatory taking.  Instead, it challenged the enforcement of various city codes.

The key to a regulatory taking claim is the offending regulation.  It is not as if HOP did not challenge the correct regulation or forgot to plead what regulation it was challenging.  HOP did not attack a regulation.  It chose, instead, to challenge the manner of enforcement of specific regulations.  Alleging additional facts cannot help HOP as to a claim for a regulatory taking.  HOP would have to identify and plead an entirely different

complaint to properly allege a regulatory taking claim. HOP did not raise a regulatory taking claim. As in *Koseoglu*, HOP cannot now change its course and allege facts that would raise a claim different from the one it alleged and disposed of by the trial court's judgment. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("Remanding this case would serve no legitimate purpose because Koseoglu's underlying claim is a breach of contract claim. Merely pleading more facts in support of the breach of contract claim will not overcome Texas A&M's immunity from suit."). Thus, we need not remand the regulatory taking claim to the trial court to give HOP the opportunity to amend its pleading.

The substantive due process claim, however, requires a different result. There is no question that the City, the trial court, and this Court have struggled with the articulation of what facts constitute HOP's substantive due process claim. We cannot say, however, that based on its allegations HOP has affirmatively negated such a claim or that on this record in some manner the City conclusively negated such a claim. Accordingly, we must remand HOP's substantive due process claim to the trial court. HOP must be given the opportunity to amend its pleadings to allege such a claim. If HOP is unable to assert facts that make a prima facie case for a violation of substantive due process, it may then, and only then, be appropriate to dismiss HOP's claim on a plea to the jurisdiction.

**CONCLUSION**

Therefore, having overruled issue two and issue one in part, we affirm those portions of the trial court's judgment granting the City's plea to the jurisdiction. But as to issue one, we reverse in part the trial court's judgment and remand to the trial court to

allow HOP the opportunity to amend its pleading to assert, if it can, a substantive due process claim.


TOM GRAY<br>
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed in part and reversed and remanded in part
Opinion delivered and filed May 3, 2017
[CV06]

