# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 20-30374
Summary Calendar

Dicey White,

*Plaintiff—Appellant*,

*versus*

City of New Orleans; University Medical Center; Seaside Behavioral Health Center; Acadian Ambulance Services; Omega Diagnostics, L.L.C., Improperly Identified as Omega Diagnostics at West Jefferson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11911

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Dicey White appeals the district court's order dismissing her 42 U.S.C. § 1983 claims with prejudice for failure to state a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30374

claim and dismissing her medical malpractice claims without prejudice for lack of subject-matter jurisdiction. For White's § 1983 claims, the district court determined that White did not show a deprivation of a constitutional right by the City of New Orleans and did not allege a deprivation of a constitutional right or action under color of state law for the remaining defendants. The district court also concluded that White's medical malpractice claims against University Medical Center New Orleans ("UMCNO"), Seaside Behavioral Health Center ("Seaside"), Acadian Ambulance Services ("Acadian"), and Omega Diagnostics, L.L.C. ("Omega") were premature because White had not submitted them for review by a medical review panel first, as required by Louisiana law. Concluding that the district court did not err in dismissing White's § 1983 claims, we AFFIRM the dismissal of these claims. We also DISMISS WITH PREJUDICE the medical malpractice claims recognized by the district court under a broad reading of White's complaint.

## I.    BACKGROUND

White brought claims against the City of New Orleans and health care providers UMCNO, Seaside, Acadian, and Omega for alleged constitutional violations under the Fourth, Fifth, and Fourteenth Amendments. White alleges that on July 27, 2019, New Orleans Police Department ("NOPD") officers and four other individuals arrived at her home and placed her in handcuffs outside before escorting her to a police car. White says she was taken into custody by an officer who had an Order of Protective Custody to do so. She claims she was first transported to UMCNO, where she had blood drawn against her will, and then was strapped to a gurney and loaded into an Acadian ambulance. White alleges that the ambulance brought her to Seaside, where she was held against her will for 14 days and had "unauthorized samples of [her] blood and urine" sent to Omega. After the two weeks ended, White asserts that she was released "onto the [s]treets of

No. 20-30374

New Orleans," homeless and penniless. White alleges that while she was gone, her home was demolished, and her belongings were vandalized by a company hired by Defendants. White claims her injuries include emotional distress and the destruction of her property, for which she requests damages.

All the Defendants filed motions to dismiss White's § 1983 claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. After considering White's complaint and Defendants' motions to dismiss, the district court concluded that White's allegations were conclusory and without support and dismissed White's § 1983 claims with prejudice. UMCNO, Seaside, Acadian, and Omega also filed motions to dismiss White's other claims, arguing they were medical malpractice claims that should have first been evaluated by a medical review panel as required by Louisiana law. The district court agreed with these Defendants and concluded that White's medical malpractice claims were premature. Accordingly, the district court dismissed White's remaining claims without prejudice for lack of subject-matter jurisdiction. White timely appealed the district court's order.

## II.  DISCUSSION

"A district court's ruling on a Rule 12(b)(6) motion is subject to *de novo* review. The motion may be granted 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'"[1] "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and

---

[1] *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)).

No. 20-30374

money by the parties and the court.'"[2] This Court "may affirm a district court's Rule 12(b)(6) dismissal on any grounds raised below and supported by the record."[3]

### A. Section 1983 Claims

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'"[4] The Supreme Court has held that this provision protects "certain rights conferred by federal statutes" but "[i]n order to seek redress through § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."[5] To state a § 1983 claim, a plaintiff must establish "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor."[6] However, a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."[7] Moreover, "the unconstitutional conduct must be directly attributable to the municipality" and "isolated

---

[2] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

[3] *Id.* (citing *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006)).

[4] *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quoting 42 U.S.C. § 1983).

[5] *Id.* (emphasis in original).

[6] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

[7] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

No. 20-30374

unconstitutional actions by municipal employees will almost never trigger liability." [8]

In this case, White has not shown that the City of New Orleans has an unlawful policy or custom of engaging in false arrests or detentions or that she suffered a violation of a federal right that can be attributed to the City directly. White has also failed to demonstrate that her property was unlawfully demolished by the City of New Orleans or that the City has an unofficial policy or custom of unconstitutionally demolishing private property. The City of New Orleans has the authority to condemn and demolish a building or other structure that "endangers the public welfare or safety" under Louisiana law,[9] which is a power that this Court has previously upheld.[10]

Moreover, for the remaining defendants, White failed to show how any of them were acting "under color of state law" or acting in concert with state actors during the incidents in question. Although White argues on appeal that the remaining defendants were "intricately linked" the City of New Orleans such that they were acting under color of state law, she cannot raise new arguments on appeal. White's allegations against UMCNO,

---

[8] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[9] La. R.S. § 33:4752(A)(1).

[10] *See, e.g., RBIII, L.P. v. City of San Antonio*, 713 F.3d 840, 847 (5th Cir. 2013) ("[The City's] decision to demolish the Structure on an emergency basis was entitled to deference and did not violate [plaintiff's] right to procedural due process unless it was arbitrary or an abuse of discretion."); *Amaya v. City of San Antonio*, 621 F. App'x 298, 299 (5th Cir. 2015) (unpublished opinion) ("[U]nder federal law, destroying property that threatens the public does not infringe the Fourth or Fourteenth Amendment."). *See also Hodel v. Virginia Surface Min. & Reclamation Ass'n, Inc.*, 452 U.S. 264, 266 (1981) ("Summary administrative action resulting in deprivation of a significant property interest without a prior hearing is justified when, as here, it responds to situations in which swift action is necessary to protect the public health and safety.").

No. 20-30374

Seaside, Acadian, and Omega in her complaint are all related to the roles they played as health care providers and not as state actors or in concert with state actors.

Accordingly, the district court did not err in dismissing White's § 1983 claims against all the Defendants.

### B. Medical Malpractice Claims

The district court, giving a broad reading to the pro se complaint, also interpreted White's complaint as asserting state law medical malpractice claims against UMCNO, Seaside, Acadian, and Omega. However, White asserts in her appellate briefs that she did not intend to assert a medical malpractice claim against any of the Defendants. Based on this assertion, we also dismiss with prejudice the medical malpractice claims recognized by the district court.

### III.    CONCLUSION

For these reasons and those stated by the district court in its Order of May 29, 2020, we agree with the district court that White has not pled sufficient facts on her § 1983 claims to show a deprivation of a federal right by the City of New Orleans, or a deprivation of a federal right or action under color of state law for the remaining defendants. We AFFIRM the district court's dismissal of these claims.

We also DISMISS WITH PREJUDICE the medical malpractice claims recognized by the district court under a broad reading of White's complaint.