Juan Manuel TELLEZ, Petitioner

v.

CITY OF SOCORRO, Respondent.

No. 05–0629.

Supreme Court of Texas.

June 1, 2007.

Justo Fernandez–Gonzalez, El Paso, for Juan Manuel Tellez.

Richard Contreras, El Paso, for City of Socorro.

PER CURIAM.

Subject-matter jurisdiction "involves a court's power to hear a case." *U.S. v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *accord CSR*

*Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex. 1996). Because the trial court had power to hear this appeal of a zoning board's decision, we hold the court of appeals erred in dismissing it for lack of subject-matter jurisdiction.

Juan Tellez has operated an auto salvage yard in the City of Socorro in El Paso County since 1982. He alleges that six months after he purchased an adjacent lot in 1998 for the same use, the City enacted its first zoning laws and designated the lot as residential. He filed suit after the City's Zoning Board of Adjustment denied his application for a non-conforming use permit. *See* BLACK's LAW DICTIONARY 577 (8th ed.2004) (defining "non-conforming use" as "Land use that is impermissible under current zoning restrictions but that is allowed because the use existed lawfully before the restrictions took effect."). The trial court affirmed the Board, and Tellez appealed again. Rather than reaching the merits, the court of appeals dismissed the suit *sua sponte* for lack of subject-matter jurisdiction. 164 S.W.3d 823, 830 (Tex. App.-El Paso 2005).

The procedures for challenging a zoning board's decision are rather unique. The Local Government Code requires such challenges to be filed within ten days after a board's decision, to be made by "verified petition stating that the decision of the board of adjustment is illegal ... and specifying the grounds of the illegality," and to be initiated by writ of certiorari directed to the board indicating when its "return" must be made. TEX. LOC. GOV'T CODE § 211.011(a)-(c).

■ In *Davis v. Zoning Board of Adjustment,* we rejected a claim that failing to serve the writ of certiorari required by the Code deprived the courts of subject-matter jurisdiction. 865 S.W.2d 941, 942 (Tex.1993) (per curiam). Instead, we held that service of the writ was the *procedure*

by which a trial court conducts its review; *jurisdiction* exists "[o]nce a party files a petition within ten (10) days after a zoning board decision...." *Id.*

■ Here, the court of appeals dismissed Tellez's suit because he sued the City of Socorro rather than its Zoning Board, and because his petition did not specify how the Board's decision was illegal. The City never objected to either defect. Although subject-matter jurisdiction cannot be waived, *see Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000), these procedural defects can be waived because they do not affect subject-matter jurisdiction (as we held in *Davis* ).

We agree with the court of appeals that, while the Local Government Code does not specify against whom suit should be filed, its requirements suggest that zoning boards are the proper party as they must be served with the writ, file a verified answer, and pay costs if found to have acted in bad faith. *See* TEX. LOC. GOV'T CODE § 211.011. But whether suit should be dismissed because the zoning board was not joined as a defendant is a prudential rather than jurisdictional question. *See* TEX.R. CIV. P. 39; *Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 162–63 (Tex.2004); *Cooper v. Texas. Gulf Indus., Inc.,* 513 S.W.2d 200, 204 (Tex.1974). By failing to object, the City waived any complaint that the proper party was its appointed Board. TEX.R.APP. P. 33.1; *Brooks,* 141 S.W.3d at 163.

Similarly, while the Code requires specific allegations of illegality, nothing indicates the Legislature intended compliance to be jurisdictional. *See Univ. of Texas Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 359 (Tex.2004). If the City considered Tellez's petition deficient, it could have objected. Having failed to do so, it waived any defect, and the court of appeals

erred in dismissing the appeal on this basis. *See Roark v. Allen,* 633 S.W.2d 804, 809–10 (Tex.1982).

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Tellez's petition for review, reverse the judgment of the court of appeals, and remand the case to that court for further proceedings.