

NUMBER 13-08-642-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

G. MICHAEL BOSWELL AND PROPERTY                          Appellants,
OWNERS WHO CARE-SOUTH PADRE ISLAND

v.

THE BOARD OF ADJUSTMENT AND APPEALS
OF THE TOWN OF SOUTH PADRE ISLAND, TEXAS,          Appellee.

## On appeal from the 138th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellants, G. Michael Boswell and Property Owners Who Care-South Padre Island

("property owners"), appeal from an order dismissing their claim against appellee, the

Board of Adjustment and Appeals of the Town of South Padre Island, Texas ("Board"), for

lack of jurisdiction. By four issues, the property owners argue that the Board should be equitably estopped from asserting that they failed to comply with section 211.011(b) of the Texas Local Government Code because the Board materially mislead them and that section 211.011(b) is directory and procedural rather than mandatory and jurisdictional. *See* TEX. LOC. GOV'T CODE ANN. § 211.011(b) (Vernon 2008). We affirm.

## I. BACKGROUND

On July 9, 2008, the property owners filed an "Original Petition for Writ of Certiorari" against the Board asking the district court in Cameron County to review the Board's decision granting three zoning variances to an individual named Clayton Brashear, a developer.[1] The petition stated that the Board's decision to grant the variances exceeded its authority because the variances were granted without the unique showing of hardship required by town ordinances. In response, the Board filed a motion to dismiss for lack of jurisdiction, stating that the trial court was without jurisdiction because the petition was not presented within ten days after the date the decision was filed in the Board's office as required by section 211.011(b) of the Texas Local Government Code. *Id*. The property owners responded by arguing that their petition should not be dismissed because they were not given notice that the Board had filed its decision on June 25, 2008. They claimed that they were misled by town employees charged with the duty to control and maintain the zoning and planning records. In response, the property owners attached an affidavit signed by one of its attorneys setting forth his discussions with Catherine Ball, director of

---

[1]Section 211.011(c) of the Texas Local Government Code provides, in part that:

> "On the presentation of the petition, the Court may grant a writ of certiorari to the board to review the board's decision." TEX. LOC. GOV'T CODE ANN. § 211.011(c) (Vernon 2008).

planning for the Town of South Padre Island. Counsel stated that Ball confirmed that none of the Board representatives had filed any documentation reflecting its June 24, 2008, decision to grant the variances. Counsel swore that he followed up with Ball on July 8, 2008 and that she stated that no document had been filed detailing the decision of the Board of Adjustment. Furthermore, counsel claimed that between July 7, 2008 and July 9, 2008 he spoke with Marta Martinez, Ball's assistant, who informed him that there was no documentation on file other than the minutes from the July 24, 2008 meeting. The Board attached, to its response, an affidavit by its chairman who stated that he filed the decision with the Board on June 25, 2008.

The trial court held a hearing on the Board's motion to dismiss, heard arguments presented by both sides, and took the matter under advisement. Thereafter, the court granted the Board's motion to dismiss. This appeal followed.

## II. AUTHORITIES

Challenges to zoning board decisions must be made by a verified petition that both states that the decision is illegal and specifies the ground for its illegality. *Id*. § 211.011(a). Jurisdiction exists if a party files the petition within ten days after a zoning board decision. *Tellez v. City of Socorro*, 226 S.W.3d 413, 414 (Tex. 2007).

A government entity cannot be estopped from exercising its governmental functions. *See City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 773 (Tex. 2006). "In general, the rule derives from our structure of government, in which the interest of the individual must at times yield to the public interest and in which the responsibility for public policy must rest on decisions officially authorized by the government's representatives,

3

rather than on mistakes committed by its agents." *Id.* "[T]he unauthorized act of a government official cannot estop a city's enforcement of a zoning ordinance." *Id*. at 774; *see City of Hutchins v. Prasifka*, 450 S.W.2d 829, 836 (Tex. 1970). An exception is available only in cases where the circumstances clearly demand its application to prevent manifest injustice. *Prasifka*, 450 S.W.2d at 836.

### III. DISCUSSION

The property owners argue in their fourth issue that the trial court erred in granting the Board's jurisdictional plea because the ten day deadline set forth in section 211.011(b) is directory and procedural rather than mandatory and jurisdictional. *See* TEX. LOC. GOV'T CODE ANN. § 211.011(b). The local government code plainly states that the petition must be presented within ten days after the decision is filed in the board's office. *Id.* The word "must" creates or recognizes a condition precedent. TEX. GOV'T CODE ANN. § 311.016(3) (Vernon 2005). In *Tellez*, the supreme court stated that jurisdiction exists once a party files a petition within ten days. *Tellez*, 226 S.W.3d at 414. The court's statement strongly suggests to us that the ten day requirement is jurisdictional. *See id.*

The property owners assert that because certain portions of the statute were held to be directory in *Tellez*, it would be inconsistent to hold that the ten day requirement for filing a petition is jurisdictional rather than directory. *Tellez* held that the trial court had the power to hear the appeal of the zoning board's decision because the decision to dismiss the case as a result of the zoning board not being joined as a defendant was a prudential rather than a jurisdictional question. *Id.* at 414. In *Tellez*, the timeliness of the filing of petition for judicial review was not at issue. However, timeliness was at issue in *Davis v.*

4

*Zoning Board* of *Adjustment*, in which the supreme court stated: "Once a party files a petition within ten (10) days after a zoning board decision, the court has subject matter jurisdiction to hear and determine a claim that the board of adjustment acted illegally." 865 S.W.2d 941, 942 (Tex. 1993). The language of the supreme court leaves little doubt that it considers the ten-day requirement to be jurisdictional. Even if we were to agree that the property owners' arguments have merit, as an intermediate appellate court, we are bound by supreme court precedent. *Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex. 2002). We overrule issue four.

The first three issues argued by the property owners urge that the Board should be estopped because they materially misled the property owners by not informing them when the decision had been filed in the Board's office. Generally, a court cannot acquire subject-matter jurisdiction through estoppel. *Wilmer-Hutchins Indep. Sch. Dist.*, 51 S.W.3d 293, 294 (Tex. 2001). In *Wilmer-Hutchins*, an employment case, the supreme court stated that even when the circumstances suggested that the employee had been misled by the employer, the employee's failure to exhaust administrative remedies, as required by the governing statutes, was fatal to the action. *Id*. at 295.

Here, the same reasoning applies. The property owners seek the benefits of the equitable doctrine of estoppel. However, in order to apply the doctrine, we would have to ignore the jurisdictional requirements set forth in section 211.011(b). *See* TEX. LOC. GOV'T CODE ANN. § 211.011(b). Because the supreme court has stated on two occasions that the trial court obtains subject matter jurisdiction when the petition is timely filed, we hold

that estoppel cannot apply in order to acquire jurisdiction here.  We overrule issues one, two and three.

## IV. Conclusion

The judgment of the trial court is affirmed.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 16th day of July, 2009.