NO. 12-09-00293-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

AMERICAN HOME ASSURANCE                        §                      APPEAL
FROM THE

COMPANY,

APPELLANT

V.                                                                    §                      COUNTY
COURT AT LAW #2

 

SUSAN POEHLER,

APPELLEE                                                               §                      GREGG
COUNTY, TEXAS 







OPINION

            American Home Assurance Company has filed a motion for rehearing, which is
overruled.  We withdraw our opinion delivered on July 30, 2010, and substitute
the following opinion in its place.

            American
Home Assurance Company (“American Home”) appeals the trial court’s judgment in
favor of Susan Poehler in its suit for judicial review of certain decisions by
the Texas Department of Insurance, Division of Workers’ Compensation (the “Division”). 
American Home raises five issues on appeal.  We affirm in part, reverse and
render in part, and reverse and remand in part.

 

Background

Poehler
was working as a machine operator for FKI Industries when she sustained a lower
back injury in the course and scope of her employment.  As a result of her
injury, Poehler underwent significant medical treatment, including two
surgeries.  Poehler sought workers’ compensation benefits.

To
determine the amount of Poehler’s benefits, the Division assigned Dr. Phillip
Williams to examine Poehler and provide an impairment rating percentage for her
injury.  Dr. Williams determined that Poehler reached maximum medical
improvement on December 21, 2004, with a 20% impairment rating.  Dr. Williams’s
certification of a 20% impairment rating was based upon the use of Division
Advisory 2003-10.

FKI
Industries had a workers’ compensation insurance policy with American Home, and
American Home challenged Dr. Williams’s certification of Poehler’s impairment
rating.  In a letter of clarification regarding Poehler’s impairment rating, Dr.
Williams stated that

 

[b]ased on examination and without utilizing the [Division]
Advisory, her whole person impairment rating would be 5% via Table 72, DRE
Category II.  However, I think that it is also important to point out that if
the [range of motion] model was used as a differentiator, [Poehler’s]
impairment would fall more closely to a 20% (DRE IV), [than] a 5% (DRE II).

 

 

The
dispute regarding Poehler’s impairment rating had an effect on Poehler’s
entitlement to supplemental income benefits because a worker with an impairment
rating of less than 15% is not entitled to supplemental income benefits.  Thus,
American Home also challenged Poehler’s entitlement to supplemental income
benefits.

Several
benefit contested case hearings were held regarding Poehler’s impairment rating
and entitlement to supplemental income benefits.  At the conclusion of each of
the benefit contested case hearings, the hearing officer ruled that Poehler’s
impairment rating is 20% and that she is entitled to supplemental income
benefits for the quarter in question.  American Home appealed the rulings to an
appeals panel of the Division. Again, in each case, the appeals panel of the
Division affirmed the hearing officer’s rulings.

American
Home then sought judicial review of the 20% impairment rating and award of
supplemental income benefits for quarters 1, 2, 3, 5, 6, 7, and 8.  The trial
court consolidated all of the issues into one case, and the case proceeded to a
bench trial.  At the conclusion of the trial, the trial court agreed with the
Division that Poehler’s impairment rating is 20% and that she is entitled to
supplemental income benefits for quarters 1, 2, 3, 5, 6, 7, and 8.  The trial
court further awarded Poehler attorney’s fees.  This appeal followed. 

 

Jurisdiction

In
her appellate brief, Poehler questioned whether this court has jurisdiction
over this dispute.  Specifically, Poehler stated, “[American Home] may also be
burdened with a jurisdictional loss from not preserving any other valid rating
than the 20% [impairment rating].”  Poehler’s brief does not contain a clear
and concise argument with appropriate citations to authorities and to the
record for her contention that subject matter jurisdiction is lacking.  See
Tex. R. App. P. 38.1(h). 
Nevertheless, we address Poehler’s jurisdictional argument because we must ascertain
that subject matter jurisdiction exists even if the parties have not questioned
it.  Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140
S.W.3d 351, 358 (Tex. 2004).

Applicable
Law

Subject
matter jurisdiction involves a court’s power or authority to hear a dispute.  Tellez
v. City of Socorro, 226 S.W.3d 413, 413 (Tex. 2007).  Subject matter
jurisdiction cannot be forfeited.  Id. at 414.  However,
procedural defects made in bringing a complaint to a court can be forfeited.  Id.

Workers’
compensation benefits are the exclusive remedy of an injured worker covered by
workers’ compensation insurance coverage.  Tex.
Labor Code Ann. § 408.001 (Vernon 2006); Morales v. Liberty
Mut. Ins. Co., 241 S.W.3d 514, 516 (Tex. 2007).  At the administrative
level, disputes proceed through a benefit review conference, a benefit
contested case hearing, and, finally, an administrative appeal.  Morales,
241 S.W.3d at 516.  A party that has exhausted its administrative remedies may
seek judicial review of the Division’s decision.  Tex. Labor Code Ann. § 410.251 (Vernon 2006).

The
judicial review is conducted under a modified de novo review.  Morales,
241 S.W.3d at 516.  The Division’s decision may be tried to either the court or
a jury, with the appealing party bearing the burden of proof by a preponderance
of the evidence.  Tex. Labor Code Ann. §§
410.303-.304 (Vernon 2006); Morales, 241 S.W.3d at 516.  The
trial is limited to issues decided by the Division appeals panel and on which
judicial review is sought.  Tex. Labor
Code Ann. § 410.302 (Vernon 2006).  Unless the court finds that the
injured worker’s condition has substantially changed, evidence of the extent of
impairment is limited to that evidence presented to the Division.  Id. §§ 410.306-.307 (Vernon 2006). 
Further, the factfinder in its determination of the extent of impairment shall
adopt one of the impairment ratings provided to the Division.  Id.
§ 410.306.

At
least one of our sister courts has determined that this statutory scheme does
not provide a trial court with jurisdiction to “set aside” a doctor’s
impairment rating for an injured worker when no alternative rating was
presented to the jury.  Am. Zurich Ins. Co. v. Samudio, No.
01-08-00233-CV, 2010 Tex. App. LEXIS 992, at *28-29 (Tex. App.—Houston [1st
Dist.] Feb. 11, 2010, no pet.). But see DeLeon v. Royal Indem. Co.,
No. 03-08-00532-CV, 2010 Tex. App. LEXIS 565, at *14-15 (Tex. App.—Austin Jan.
27, 2010, pet. filed) (mem. op.) (without discussing jurisdiction, finding only
impairment rating invalid and dismissing case so that injured worker could
pursue new impairment rating determination).

Application

            Here,
the Division was presented with the opinion of only one doctor, but with more
than one impairment rating.  Dr. Williams examined Poehler and determined that
her impairment rating is 20% based on Division Advisory 2003-10.  In a letter
of clarification, Dr. Williams stated that Poehler’s impairment rating is 5% if
based solely on the injury model of the Guides, utilizing Table 72, without
reference to Division Advisory 2003-10.  Thus, the trial court had two
impairment ratings to consider and had jurisdiction over the dispute.  Tex. Labor Code Ann. §§ 410.251,
410.306.  Because the trial court properly exercised jurisdiction over the
dispute, we have jurisdiction to review the trial court’s final judgment.

 

Impairment Rating

            In
its first and second issues, American Home argues that the trial court
improperly found Poehler’s impairment rating to be 20%.

Applicable
Law

            An
injured worker covered by workers’ compensation insurance receives impairment
income benefits if he continues to have impairment after reaching maximum
medical improvement (MMI).  Tex. Labor
Code Ann. § 408.121 (Vernon 2006).  The injured worker’s impairment must
be based on an objective clinical or laboratory finding.  Id. § 408.122 (Vernon 2006).  After the
injured worker has been certified by a doctor as reaching MMI, the certifying
doctor evaluates the condition and assigns an impairment rating for the injured
worker. Id. § 408.123
(Vernon 2006).  For an impairment rating to be valid, the impairment rating
must be determined by use of the appropriate edition of the “Guides to the
Evaluation of Permanent Impairment.”  Id. § 408.124 (Vernon 2006).  The parties agree that the fourth
edition of the Guides is the appropriate edition.  See 28 Tex. Admin. Code § 130.1(c) (2004) (Tex.
Dep’t Ins., Div. Workers’ Comp.)

            The
fourth edition of the Guides primarily utilizes an injury model, which relies
on objectively verifiable evidence to place patients into one of eight
diagnosis-related estimate (DRE) categories.  Tex. Dep’t of Ins. v.
Lumbermens Mut. Cas. Co., 212 S.W.3d 870, 872 (Tex. App.—Austin 2006,
pet. denied).  As pertinent to this case, the Guides require either loss of
motion segment integrity or a structural inclusion for an injured worker to
receive a 20% impairment rating (DRE IV) for a lumbosacral spine injury in the
context of spinal fusion surgeries. See id.  To establish
the requisite loss of motion segment integrity, the Guides require that flexion
and extension x-rays taken before the spinal fusion surgery demonstrate
translation of at least five millimeters of one vertebra on another or angular
motion at a motion segment that is eleven degrees more than at an adjacent
motion segment.  Id. at 872-73.

Because
many doctors were performing spinal fusion surgeries without taking
preoperative flexion and extension x-rays, the Division issued Advisories
2003-10 and 2003-10B.  Id. at 873.  These advisories attempted to
provide an alternative standard for assessing a 20% impairment rating when
there are no preoperative x-rays.  Id.  But because the
advisories contradict the fourth edition of the Guides, one of our sister court
has ruled the advisories are invalid.  Id. at 876-77.

Application

Dr.
Williams’s determination that Poehler’s impairment rating is 20% was based on
Division Advisory 2003-10.  Dr. Williams did not review flexion and extension
x-rays taken before Poehler’s spinal fusion surgery.  Instead, he was convinced
that Poehler would not have had the spinal fusion surgery without loss of
motion segment integrity.  However, the Guides require more than Dr. Williams’s
belief.  Without presurgery x-rays, Dr. Williams could not provide objectively
verifiable evidence to place Poehler’s impairment rating at 20%.  Further, we
agree with our sister court that Division Advisory 2003-10 cannot be considered
in determining an injured worker’s impairment rating.  Thus, Dr. Williams’s
opinion of Poehler’s impairment rating using Division Advisory 2003-10 is based
on legally insufficient evidence and is an invalid impairment rating.

Poehler
argues that even if Division Advisory 2003-10 cannot be used as a basis to
support Poehler’s 20% impairment rating, the 20% impairment rating can be
justified by either the use of range of motion as a differentiator or
consideration of Poehler’s back surgeries as allowed by Table 70 of the Guides. 
We disagree.

It
is uncontroverted that Dr. Williams stated in a letter of clarification to the
Division that Poehler’s impairment rating is 5% if based solely on the injury
model of the Guides without reference to Division Advisory 2003-10, and
somewhere between 5% and 20%, and closer to 20%, if range of motion is used as
a differentiator.  However, Dr. Williams did not provide an exact percentage of
impairment for Poehler with range of motion being used as a differentiator. 
Further, based on the record before us, Dr. Williams never mentioned Table 70
of the Guides to the Division.  Therefore, the Division was not presented with
a specific percentage impairment rating based on either the use of range of
motion as a differentiator or the use of Table 70 of the Guides.

Additionally,
no evidence of a change in Poehler’s condition was presented to the trial
court.  But even if such evidence had been presented, Dr. Williams’s trial
testimony still lacked an exact percentage of impairment for Poehler with range
of motion being used as a differentiator.  Finally, Dr. Williams’s trial
testimony failed to reference a finding regarding Poehler’s proper placement in
Table 70 of the Guide.  

            American
Home established that Poehler’s impairment rating of 20% was not supported by
legally sufficient evidence.  We sustain American Home’s first and second
issues.

 

Remedy

            In
its third issue, American Home argues that since the impairment rating
determined by the trial court is invalid, the proper remedy in this case is
either assessing Poehler’s impairment rating as 5% based on the valid opinion
of Dr. Williams, or dismissing the case so that Poehler lacks an impairment
rating and can return to the Division.  Poehler, during oral argument, argued
that, if we get to this point, the proper remedy is dismissing the case without
providing Poehler an impairment rating, so that she may return to the
Division.  However, we lack authority to simply dismiss the case.  See Samudio,
2010 Tex. App. LEXIS 992, at *28-29.

Because
Dr. Williams’s opinion of Poehler’s impairment rating based on Division
Advisory 2003-10 is invalid, the Division was presented with only one valid
impairment rating, the 5% impairment rating based on Table 72.  Thus, Poehler’s
impairment rating is 5%.  See Bell v. Zurich Am. Ins. Co., No.
05-09-00284-CV, 2009 Tex. App. LEXIS 8099, at *10-13 (Tex. App.—Dallas Oct. 20,
2009, pet. filed).  We sustain that portion of American Home’s third issue
requesting a determination that Poehler’s impairment rating is 5%.  We overrule
the remainder of its third issue.

 

Supplemental Income Benefits

In
its fourth issue, American Home argues that the trial court improperly found
Poehler entitled to supplemental income benefits for quarters 1, 2, 3, 5, 6, 7,
and 8.

Applicable
Law

If
other requirements are met, an injured worker with an impairment rating of 15%
or more is entitled to supplemental income benefits.  Tex. Labor Code Ann. § 408.142 (Vernon 2006).  When
seeking judicial review of the Division’s decision, the appealing party bears
the burden of proof by a preponderance of the evidence.  Id. § 410.303; Morales, 241
S.W.3d at 516.  The trial court is limited to issues decided by the Division
appeals panel and on which judicial review is sought. Tex. Labor Code Ann. § 410.302.  

When
findings of fact are filed by the trial court, the findings form the basis of
the judgment upon all grounds of recovery and of defense embraced in the
findings.  Tex. R. Civ. P. 299. 
On appeal, the judgment may not be supported by a presumed finding of any
ground of recovery or defense if no element of that ground has been included in
the findings. Id.  All grounds of recovery or defense upon which
no finding is made or requested are forfeited.  Traweek v. Larkin,
708 S.W.2d 942, 947 (Tex. App.—Tyler 1986, writ ref’d n.r.e.).

Application

            Because
we have determined that Poehler’s impairment rating is not 15% or more, Poehler
is not entitled to supplemental income benefits under section 408.142.  However,
Poehler argues that she is entitled to supplemental income benefits under the
doctrine of procedural default.  At the beginning of the trial, Poehler stated
that the supplemental income benefits for quarter 1 could be disposed of on the
basis of default.  This assertion is supported by the fact that American Home
sought judicial review, as to quarter 1, of the Division’s decision that
“[American Home] waived the right to contest the claimant’s entitlement to
supplemental income benefits by failing to timely request a benefit review
conference.”

Because
American Home was the party seeking judicial review of this decision, American
Home had the burden of proof on the issue.  Tex.
Labor Code Ann. § 410.303.  But American Home presented no evidence
and sought no findings to support its position that it did not forfeit the
right to contest supplemental income benefits for quarter 1.  To avoid the
Division’s decision that Poehler is entitled to supplemental income benefits
for quarter 1, American Home had to establish that it did not waive the right
to contest Poehler’s entitlement to supplemental income benefits for this
quarter.  Thus, based on the default, the trial court’s judgment that Poehler
is entitled to supplemental income benefits for quarter 1 is correct. 

Regarding
supplemental income benefits for quarters 2, 3, 5, 6, 7, and 8, the Division
did not find default.  Obviously then, American Home did not seek judicial
review of a decision of the Division as to default for those quarters.  To
prevail on a theory of default as to those quarters, Poehler, not American
Home, had the burden of proof.  But Poehler presented no evidence and sought no
findings to support her position that American Home defaulted the right to
contest supplemental income benefits for quarters 2, 3, 5, 6, 7, and 8. 
Therefore, Poehler cannot rely on procedural default principles as to quarters
2, 3, 5, 6, 7, and 8. 

We
overrule American Home’s fourth issue as to supplemental income benefits for
quarter 1.  We sustain American Home’s fourth issue as to supplemental income
benefits for quarters 2, 3, 5, 6, 7, and 8.[1]

 

Attorney’s Fees

In
its fifth issue, American Home argues that the trial court improperly awarded
Poehler attorney’s fees and improperly denied American Home’s request for a
jury trial on the issue of attorney’s fees.

Applicable
Law

When
a worker’s compensation insurance carrier seeks judicial review of the
Division’s decision regarding compensability or benefits, the carrier is liable
for reasonable and necessary attorney’s fees incurred by the claimant if the
claimant prevails on the issue.  Id. § 408.221(c) (Vernon 2006).  When the carrier seeks judicial
review of multiple issues and the injured worker prevails on some, but not all,
of those issues, the trial court must apportion and award fees to the injured
worker’s attorney only for the issues on which the injured worker prevails. Id.;
Tex. Mut. Ins. Co. v. Boetsch, 307 S.W.3d 874, 882 (Tex.
App.—Dallas 2010, pet. filed).  In approving attorney’s fees, the court must
consider the time and labor required, the novelty and difficulty of the
questions involved, the skill required to perform the legal services properly,
the fee customarily charged in the locality for similar legal services, the
amount involved in the controversy, the benefits to the claimant that the
attorney is responsible for securing, and the experience and ability of the
attorney performing the services.  Tex.
Labor Code Ann. § 408.221(d) (Vernon 2006).

Although
the framework of the statute requires the trial court to consider several
factual issues, the carrier still is entitled to a jury determination of the
reasonableness and necessity of the claimant’s attorney’s fees where attorney’s
fees are disputed.  Transcontinental Ins. Co. v. Crump, 53 Tex.
Sup. J. 1124, 2010 WL 3365339, at *18 (Tex. Aug. 27, 2010).  The trial court
then considers the jury’s determination of the amount of reasonable and
necessary fees in approving fees pursuant to subsection (d).  Id.

Application

Based
on our determination that Poehler’s impairment rating of 20% is invalid, and that
Poehler is not entitled to supplemental income benefits for quarters 2, 3, 5,
6, 7, and 8, American Home did not lose all issues on which it sought judicial
review.  When the trial court assessed attorney’s fees against American Home,
it had determined that American Home was unsuccessful on all issues on which it
sought judicial review.  Thus, we agree with American Home that the trial
court’s award of attorney’s fees to Poehler is incorrect.

Because
American Home was not successful on all of its issues, Poehler is entitled to
some amount of attorney’s fees.  However, American Home is also entitled to a
jury issue on the amount of attorney’s fees.  Id.  Therefore, we sustain
American Home’s fifth issue, and remand the attorney’s fees issue to the trial
court.  The reasonableness and necessity of Poehler’s attorney’s fees will be
decided by a jury, and the trial court will then consider the jury’s
determination in deciding the amount of attorney’s fees to approve pursuant to
subsection (d). 

 

Disposition

            As
to quarter 1 of Poehler’s supplemental income benefits, we affirm
the judgment of the trial court.  As to Poehler’s impairment rating, we reverse
the judgment of the trial court and render judgment that
Poehler’s impairment rating is 5%.  As to quarters 2, 3, 5, 6, 7, and 8 of
Poehler’s supplemental income benefits, we reverse the judgment
of the trial court and render judgment that Poehler is not
entitled to supplemental income benefits for quarters 2, 3, 5, 6, 7, and 8.  As
to the trial court’s award of attorney’s fees to Poehler, we reverse
the judgment of the trial court and remand for further
proceedings consistent with this opinion.

 

 

                                                                             Brian
Hoyle

                                                                                         
             Justice

 

 

Opinion delivered October 20, 2010.

Panel consisted of Worthen, CJ., Griffith,
J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1]
Poehler’s brief contains occasional statements indicating that a default as to
quarter 1 results in a lack of jurisdiction to review the 20% impairment rating
and quarters 2, 3, 5, 6, 7, and 8.  However, each of the other quarters in
question was contested by American Home before the Division.  Further, because
the Division had not previously resolved any quarter based upon this argument,
it was Poehler’s burden to prove the issue existed.  Poehler failed to do so in
the trial court.