**Concurring and Opinion Filed August 24, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00018-CV**
_____

**CITY OF DALLAS AND BOARD OF ADJUSTMENT OF THE CITY OF DALLAS, Appellants**

**V.**

**PDT HOLDINGS, INC. AND PHILLIP THOMPSON HOMES, INC, D/B/A PHILLIP THOMPSON CUSTOM HOMES, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-08484**

## CONCURRING OPINION

Opinion by Justice Pedersen, III

I agree with the majority's opinion to the extent that it affirms that the trial court has jurisdiction to review the Board of Adjustment's June 18, 2018 decision under the terms of local government code section 211.011.[1] I write separately to emphasize that the trial court's jurisdiction is limited to reviewing the June 18, 2018 decision, the only Board ruling that was properly challenged.

---

[1] I also agree with the majority's opinion that the trial court lacks jurisdiction to grant relief apart from section 211.011, including PDT's request for damages and its constitutional claim.

A legislative waiver of immunity must be undertaken "'by clear and unambiguous language,'" and thus "statutory waivers of immunity are to be construed narrowly." *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (quoting TEX. GOV'T CODE ANN. § 311.034). Jurisdiction to challenge a zoning board's decision exists upon the filing a verified petition within ten days of the board's decision. TEX. LOC. GOV'T CODE ANN. § 211.011(a), (b); *Tellez v. City of Socorro*, 226 S.W.3d 413, 414 (Tex. 2007) (per curiam). In *Tellez*, the Texas Supreme Court explained:

> The procedures for challenging a zoning board's decision are rather unique. The Local Government Code requires such challenges to be filed within ten days after a board's decision, to be made by "verified petition stating that the decision of the board of adjustment is illegal ... and specifying the grounds of the illegality," and to be initiated by writ of certiorari directed to the board indicating when its "return" must be made.

226 S.W.3d at 414; LOC. GOV'T § 211.011(a)-(c). In *Davis v. Zoning Board of Adjustment*, the supreme court rejected a claim that failing to serve the writ of certiorari required by the Code deprived the courts of subject-matter jurisdiction. 865 S.W.2d 941, 942 (Tex. 1993) (per curiam). Instead, the court held that service of the writ was the *procedure* by which a trial court conducts its review; *jurisdiction* exists "[o]nce a party files a petition within ten (10) days after a zoning board decision." *Id.*

Over a two-year period, PDT applied to the Board for the same variance from the RPS height restriction three times. On April 27, 2018, PDT filed its first

application asking for a ten-foot variance to the RPS height limit of twenty-six feet. After a hearing on May 21, 2018, the Board denied PDT's first application without prejudice. PDT promptly filed its second application for the variance on May 27, 2018, providing additional site plans and elevations. The Board held a hearing on the second application on June 18, 2018. This time, the Board denied PDT's second application with prejudice. On June 28, 2018, PDT filed its petition alleging, among other things, that the Board's decision was illegal. Thus, the trial court has jurisdiction to review the Board's June 18, 2018 decision because PDT filed a verified petition within ten days of the Board's decision. *See* LOC. GOV'T § 211.011(a), (b). I agree with the majority that PDT timely invoked the trial court's jurisdiction to review this decision.

Following mediation, the parties filed an agreed motion to abate the case while PDT filed its ***third*** application for the variance. The trial court abated the case and ordered the Board to set a hearing on PDT's third request for a variance. The hearing was held on May 18, 2020; the Board again denied the variance at the conclusion of the hearing. On May 21, 2020, the Board sent a letter to PDT advising that its request for a variance had been denied. The minutes of the Board meeting reflecting the Board's decision were filed with the City Secretary on June 24, 2020. PDT did not file an amended petition, or file a new petition, seeking to appeal the Board's

decision until October 15, 2020, more than four months later.[2] Therefore, under the plain language of section 211.011(b), the trial court does not have jurisdiction to review the Board's 2020 decision. *See Tellez,* 226 S.W.3d at 414; *Tejas Motel, L.L.C. v. City of Mesquite*, No. 05-19-00667-CV, 2020 WL 2988566, at *4 (Tex. App.—Dallas June 4, 2020, pet. denied) (mem. op.).

The majority reasons that the Board's latter decision reaffirming the June 18, 2018 denial—made during the pendency of this suit—did not change the substance of the dispute between the parties or the issues before the trial court. Therefore, because the issues were the same, once jurisdiction was invoked to review the Board's June 18, 2018 decision, that jurisdiction extended to allow the trial court to review the Board's 2020 decision. However, the plain language of section 211.011 does not support the notion of jurisdictional carry-over, even if the claims are the same. It requires that a party aggrieved by *a* decision of the board file a petition stating that *the* decision of the board is illegal. LOCAL GOV'T § 211.011(a)(1). The petition must be presented within ten days after the date *the* decision is filed in the board's office. *Id*. §211.011(b). Section 211.011 clearly mandates a separate petition for each separate Board decision. Accordingly, because PDT failed to file a new or amended petition within ten days after the Board's May 18, 2020 decision, I

---

[2] PDT filed its Second Amended Petition on October 15, 2020, adding a paragraph to describe the Board's May 18, 2020 decision to deny PDT's requested variance, and adding a claim for equitable estoppel.

conclude that the trial court does not have jurisdiction to review that decision under the terms of local government code section 211.011.

210018f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE