ACCEPTED
15-25-00020-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/19/2025 7:02 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00020-CV

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/19/2025 7:02:00 PM
CHRISTOPHER A. PRINE
Clerk

STORABLE, INC.; REDNOVA LABS, INC. (D/B/A STOREDGE); SITELINK
SOFTWARE, LLC; EASY STORAGE SOLUTIONS, LLC; BADER CO.; AND
PROPERTY FIRST GROUP, LP,
*Appellants,*

*V.*

SAFELEASE INSURANCE SERVICES, LLC,
*Appellee.*

*On Appeal from the*
*Third Division of the Texas Business Court*

## APPELLEE'S REPLY IN SUPPORT OF ITS MOTION TO
## STRIKE APPELLANTS' SUPPLEMENTAL BRIEF

JUDD E. STONE II
  State Bar No. 24076720
CHRISTOPHER D. HILTON
MICHAEL R. ABRAMS
CODY C. COLL
ALEXANDER M. DVORSCAK
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
judd@stonehilton.com
(737) 465-3897

*Counsel for Appellee*

## TABLE OF CONTENTS

Table of Contents ...................................................................................i

Index of Authorities ............................................................................ii

Introduction ........................................................................................1

Argument ...........................................................................................2

I.    A Party Must Make a Bona Fide Attempt to Invoke this Court's Original Jurisdiction to Obtain Mandamus Relief. .........................2

II.   Failure to Move for Leave is a Sufficient Ground to Strike a Supplemental Brief. ..........................................................................5

III.  Justice Does not Require Granting Leave to Remedy Blatant Briefing Waivers Late in the Game...................................................8

IV.  Consideration of Storable's Supplemental Brief will Prejudice SafeLease. ......................................................................................13

Prayer.................................................................................................14

Certificate of Service .........................................................................15

# INDEX OF AUTHORITIES

## Cases

*Acadia Healthcare Co. v. Horizon Health Corp.*,
472 S.W.3d 74 (Tex. App.—Fort Worth, 2015)....................................7

*Bertucci v. Watkins*,
709 S.W.3d 534 (Tex. 2025)...............................................................8, 9

*Brazoria Civ. Club v. Brazoria Cnty. Appraisal Dist.*,
694 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2024, no pet.) .........7

*Brown v. Bank of Am., N.A.*,
No. 01-14-00725-CV, 2015 WL 4760201 (Tex. App.—Houston
[1st Dist.] Aug. 13, 2015, no pet.) ....................................................6, 7

*CMH Homes v. Perez*,
340 S.W.3d 444 (Tex. 2011)...............................................................2, 3

*ETC Field Servs., LLC v. Tema Oil & Gas Co.*,
710 S.W.3d 379 (Tex. App.—Austin [15th Dist.] 2025, no pet.)............9

*Gonzales v. Thorndale Coop. Gin & Grain Co.*,
578 S.W.3d 655 (Tex. App.—Houston [14th Dist.] 2019, no pet.) .........4

*Harris Cent. Appraisal Dist. v. Zheng*,
710 S.W.3d 892, (Tex. App.—Houston [1st Dist.] 2024, pet.
denied)...................................................................................................7

*Hogg v. Lynch, Chappell & Alsup, P.C.*,
553 S.W.3d 55 (Tex. App.—El Paso 2018, no pet.).........................4, 14

*Horton v. Stovall*,
591 S.W.3d 567 (Tex. 2019)...............................................................3, 4

*In re Abney*,
486 S.W.3d 135 (Tex. App.—Amarillo 2016, orig. proceeding) ...........12

*In re C.A.S.*,
128 S.W.3d 681 (Tex. App.—Dallas 2003, no pet.) ............................11

*In re ETC Field Servs., LLC*,
707 S.W.3d 924 (Tex. App.—Austin [15th Dist.] 2025, orig.
proceeding).........................................................................................11

*Jelinek v. Casas*,
328 S.W.3d 526 (Tex. 2010)........................................................4

*Morath v. Kingsville ISD*,
710 S.W.3d 918 (Tex. App.—Austin [15th Dist.] 2025, no pet.)..........11

*Patel v. Nations Renovations, LLC*,
661 S.W.3d 151 (Tex. 2023).........................................................3

*Standard Fruit & Vegetable Co. v. Johnson*,
985 S.W.2d 62 (Tex. 1998)..........................................................5

*Tellez v. City of Socorro*,
226 S.W.3d 413 (Tex. 2007).......................................................11

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993).........................................................2

*Thorne v. Hansen*,
No. 01-02-00880-CV, 2003 WL 22511377 (Tex. App.—Houston
[1st Dist.] Nov. 6, 2003, pet. denied) ...........................................7

## Other Authorities

38 TEX. JUR. 3d § 232.................................................................12

## Rules

TEX. R. APP. P. 38.7 .................................................................5

## Introduction

Appellant Storable's response to Appellee SafeLease's Motion to Strike offers no justification for Storable's decision to file a supplemental brief without this Court's permission on issues it patently waived. Worst of all, Storable conveniently omits information about its key authorities; namely, that in each of those cases, the appellant preserved the availability of mandamus relief by explicitly invoking the appellate court's original jurisdiction and briefing mandamus relief in its opening brief. Here, Storable made no such invocation, bona fide or otherwise, of this Court's original jurisdiction and failed to brief either prong of the demanding mandamus standard.

Now, Storable asks this Court to forgive its waiver and set aside the foundational rule that arguments not raised in an opening brief are waived. Storable's argument that SafeLease urges an "overly technical" application of the rules falls short. And on this point, too, Storable overstates its authorities. Briefing waivers are not mere technicalities—rather, an appellant's opening brief sets the stage for appeal and conclusively defines the issues before the appellate court. Nor is the requirement that a party request leave to file a supplemental brief a mere

technicality. If leave were not required, Rule 38.7 would not state a rule of decision for such a motion. Storable has no authority to the contrary.

At bottom, this Court had made clear its lack of interlocutory appellate jurisdiction over remand orders well before Storable filed its opening brief, and Storable should have looked for and known of that law. Storable's admitted ignorance of the law is no justification for its waiver, nor is it justification to undo that waiver. This Court can grant SafeLease's Motion because Storable failed to move for leave to supplement, because Storable cannot show that justice requires leave to supplement, or both.

**ARGUMENT**

## I. A Party Must Make a Bona Fide Attempt to Invoke this Court's Original Jurisdiction to Obtain Mandamus Relief.

To obtain mandamus relief, a party must request it. After all, a court's subject matter jurisdiction, which is never presumed, must always both exist, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993), and be invoked, *CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011). In other words, while a party need not "file a separate document with the title 'petition for writ of mandamus,'" it must make a "bona fide attempt" to "invoke[] the court of appeals'

2

original jurisdiction by specifically requesting that its appeal be treated as a mandamus petition." *Id.* Storable's authorities either reenforce that rule or do not refute it. *See id.* (appellee expressly requested mandamus relief in the alternative); *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 153 n.1 (Tex. 2023) (same); *see also Horton v. Stovall*, 591 S.W.3d 567 (Tex. 2019) (lacking any reference to or treatment of original jurisdiction or mandamus relief).

SafeLease does not seek disposition of this appeal "based on harmless procedural defects," *Horton*, 591 S.W.3d at 567, such as the failure to file a separate petition for mandamus relief. Nor does SafeLease believe Storable was required to file such a petition. *Contra* Resp. at 1-2.[1] SafeLease asks this Court merely to hold Storable to the issues it briefed. And Storable neither invoked this Court's original jurisdiction nor briefed the mandamus standard. Indeed, it is Storable who asks this Court to defy clear Supreme Court instruction that a litigant must expressly invoke this Court's original jurisdiction to obtain mandamus relief.

---

[1] Of course, having now waived mandamus relief in this action, Storable's only route to that relief is to file a new action. But that is simply the consequence of Storable's failings. Any claimed inefficiencies are of Storable's own creation.

3

Courts routinely find issues and arguments waived when parties fail to timely raise them or sufficiently brief them. *See* Mot. to Strike at 4-6; *Jelinek v. Casas*, 328 S.W.3d 526, 540 n.10 (Tex. 2010). And briefing waivers are not, as Storable suggests, "harmless procedural defects." *See* Resp. at 2 (quoting *Horton*, 591 S.W.3d at 570). The parties' briefs determine what issues are properly before the appellate court and what issues the appellate court has the power to adjudicate. *Hogg v. Lynch, Chappell & Alsup, P.C.*, 553 S.W.3d 55, 65 (Tex. App.—El Paso 2018, no pet.) ("Our power of review in civil cases is constrained by what arguments appear in the parties' briefs."); *Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (explaining that the appellant "b[ears] the responsibility to frame the issues and arguments for his appeal"). Indeed, cases rise on the parties' briefs and, often, fall on briefing waivers. Storable cannot, therefore, liken its waiver to the harmless defect in *Horton*: citing the correct document at the wrong place in the appellate record. 591 S.W.3d at 568-69.

No amount of hand waving at these rules can change them. And these rules are in harmony with rules promoting efficiency and judicial

economy. Thus, while a party may obtain mandamus relief by requesting it in the alternative, rather than by filing a separate instrument and instituting a separate proceeding, a party cannot obtain relief it does not request under a standard it fails to brief. These principles—that jurisdiction must be invoked and that unbriefed issues are waived—are not mere technicalities. They are among the most foundational principles to appellate practice and procedure.

## II. Failure to Move for Leave is a Sufficient Ground to Strike a Supplemental Brief.

Contrary to Storable's unsupported contention, a motion for leave to supplement is an important and necessary filing. Storable faults (at 7) SafeLease's omission of the word "generally" from the rule that "[g]enerally, a party must seek leave of court to file a . . . supplemental brief." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). Tellingly, Storable cites no authority for the proposition that a motion for leave is not required. In any event, a motion for leave is not a mere formality. *Contra* Resp. at 7. Rather, it enables the Court to evaluate, based on the parties' presentation of the issues, whether "justice requires" a supplemental brief and what "reasonable terms" the Court should "prescribe" for that filing. TEX. R. APP. P. 38.7. After all, if

5

those standards did not matter, Rule 38.7 would not recite them. Said differently, Rule 38.7's inclusion of a rule of decision establishes that this Court must have an opportunity to apply that rule, to function as a gatekeeper of belated arguments, and to preserve the due course of briefing and presentation.

Thus, it only makes sense that this Court should not consider new arguments "that are belatedly asserted, when a party has not moved the Court to permit amendment of his opening brief's issues and has not explained why justice requires the Court to consider such issues." *Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 WL 4760201, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.) (cleaned up). Storable cannot, therefore, claim a motion for leave was unnecessary. Nor can Storable claim its failure to move for leave is an insufficient ground to strike.

Moreover, a motion for leave is not a "waste" of this Court's time—primarily for the reasons just stated. But the Court could easily avoid wasting any judicial resources. If Storable had attached its proposed supplement to such a motion, the motion could be carried with the case until the disposition of the merits. *See Acadia Healthcare Co. v. Horizon*

*Health Corp.*, 472 S.W.3d 74, 105 (Tex. App.—Fort Worth, 2015), *aff'd in part and rev'd in part*, 520 S.W.3d 848 (Tex. 2017); *Thorne v. Hansen*, No. 01-02-00880-CV, 2003 WL 22511377, at *1 (Tex. App.—Houston [1st Dist.] Nov. 6, 2003, pet. denied) (mem. op.). Thus, the Court could simply deny it as moot (as Storable suggests it might be), deny it on the merits, or grant it after resolution becomes necessary. The instant motion to strike could likewise be carried with the appeal and granted, denied on the merits, or denied as moot. *See Harris Cent. Appraisal Dist. v. Zheng*, 710 S.W.3d 892, 901 n.10 (Tex. App.—Houston [1st Dist.] 2024, pet. denied).

At bottom, Storable has not shown any circumstances under which a motion for leave is not required and certainly none that apply to this case. Whether Storable agrees with them or not, the Rules are the Rules. And the Rules require a motion for leave for the reasons stated above. Thus, courts routinely strike supplemental briefs that are filed without leave. *See Brazoria Civ. Club v. Brazoria Cnty. Appraisal Dist.*, 694 S.W.3d 854, 866-67 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (striking brief for failure to move for leave and failure to brief the Rule 38.7 standard); *Brown*, 2015 WL 4760201, at *3 (same).

7

## III. Justice Does not Require Granting Leave to Remedy Blatant Briefing Waivers Late in the Game.

Not one of Storable's arguments shows why its Supplemental Brief should not be stricken. In fact, those arguments betray Storable's gamesmanship and its improper attempt to fix its fatal errors.

First, *Bertucci v. Watkins*, 709 S.W.3d 534 (Tex. 2025), like Storable's other authorities, bears no resemblance to this case and has no purchase here. In that case, the appellant plainly perfected an appeal of his individual and derivative claims. *Id.* at 540. But the court of appeals concluded that he did not sufficiently brief the derivative claims. *Id.* The brief, however, explicitly asserted the derivative arguments, spent six pages on them, and cited evidence and legal authorities. *Id.* at 541-42. Thus, the Supreme Court concluded that the briefing was "adequate to preserve" the claim but was "insufficient to properly assist [the] appellate court." *Id.* at 542. So, under Rule 38.9, the appellate court should have ordered further briefing, rather than deeming the issue waived. *Id.*

Here, on the other hand, any reference to this Court's original jurisdiction, mandamus relief, or the mandamus standard are conspicuously and completely absent from Storable's brief. This is not a

matter of "form-over-substance," *id.*, since Storable included neither the form nor the substance of a request for mandamus relief. Storable cherry picks a sentence from *Bertucci* and suggests that SafeLease urges "an overly technical application of the law." Resp. at 2 (citation omitted). Not so. As discussed above, the rule that unbriefed arguments are waived is no mere technicality. And the "minor" "technical defect" the Court was referring to in *Bertucci* was a failure to list entities on the cover page and in the party-identity section of the appellant's brief—not the inadequacy of the argument. 709 S.W.3d at 542-43.

Next, Storable says it would be illogical and unjust to require it to initiate a separate mandamus proceeding. Resp. at 3. But, as discussed below, that requirement is one of Storable's own making—it waived the right to seek mandamus relief in this action. And Storable's error, and any perceived inefficiency, was entirely unforced. Had Storable researched this Court's jurisprudence—namely *ETC Field Servs., LLC v. Tema Oil & Gas Co.*, 710 S.W.3d 379, 380-81 (Tex. App.—Austin [15th Dist.] 2025, no pet.)—it would have known that a remand order is reviewable only by mandamus and it likely would have requested mandamus relief in its opening brief, thereby satisfying *CMC Homes'*

9

requirement to invoke this Court's original jurisdiction. Storable admits its ignorance of the law (at 5), apparently thinking that admission works in its favor. But a party's admission of its waiver should not buy it a redo, nor does Storable cite any authority suggesting it should.

This Court's opinion in *ETC Field Services* issued more than two months before Storable filed its opening brief, so there is no reason Storable could not have known of its binding rule. Moreover, since that opinion issued, there is no "uncertain legal environment" as to this Court's jurisdiction, and this Court's jurisdiction is not "still being worked out" as to remand orders. *Contra* Resp. at 4. Storable cannot muddy the jurisdictional waters with respect to remand orders (at 4-5) by claiming there is uncertainty as to the Court's jurisdiction over temporary injunctions (which is not at issue in this case anyway). Storable says it "did not know jurisdiction would be an issue in this appeal." Resp. at 5. But, as discussed above, an appellate court's subject matter jurisdiction is never presumed, especially over interlocutory issues. Jurisdiction is always "salient."

Finally, Storable says (at 3-4) it is unjust to require the underlying case to proceed in the "wrong court." But as SafeLease explained in its

Response Brief (at 27-28), the timeliness of removal does not impact the Business Court's subject-matter jurisdiction or its authority to act. *Morath v. Kingsville ISD*, 710 S.W.3d 918, 924 (Tex. App.—Austin [15th Dist.] 2025, no pet.) (explaining that statutory deadlines "are presumed to be nonjurisdictional absent clear legislative intent to the contrary"); *Tellez v. City of Socorro*, 226 S.W.3d 413, 414 (Tex. 2007) (explaining that most procedural defects do not affect a court's power to hear and decide an action). After all, "[*J*]*urisdiction* exists" when a case falls within the Legislature's grant of authority to the Business Court; removal is merely the "*procedure* by which" a case can be transferred to the Business Court. *See Tellez*, 226 S.W.3d at 414 (citation omitted); *In re ETC Field Servs., LLC*, 707 S.W.3d 924, 925, 927 (Tex. App.—Austin [15th Dist.] 2025, orig. proceeding) (removal merely "transfers an existing [civil action]").

This means the Business Court plainly possesses authority to hear and decide the case, and its orders and judgments are not and will not be void. *In re C.A.S.*, 128 S.W.3d 681, 685 (Tex. App.—Dallas 2003, no pet.) (explaining that a judgment is void only when the court lacks jurisdiction or the capacity to act). Storable will therefore suffer no undue prejudice by proceeding in a forum that has jurisdiction over this action and that

11

is a proper venue for this action and that Storable waived any right to challenge.

Storable's choices have brought it to a fork in the road: file a mandamus petition or forfeit any challenge to the Business Court's remand order. That is not unjust; those are the rules. And in light of the extremely succinct briefing Storable gave the mandamus issue in its Supplemental Brief, it would not be a heavy burden to file such a petition.

Of course, SafeLease will raise all available arguments against any mandamus petition that Storable may file, such as no abuse of discretion, adequate remedy by appeal, the inappropriateness of the issue for mandamus relief, 38 TEX. JUR. 3d § 232 (explaining that mandamus "does not lie to correct a trial court's ruling on an unsettled or uncertain question of law"), waiver, and laches or unreasonable delay, *In re Abney*, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, orig. proceeding) (explaining that a party may forfeit mandamus relief by failing to promptly seek it). But the fact that SafeLease will invoke any defenses to Storable's mandamus petition does not alleviate Storable's obligation to invoke this Court's jurisdiction. And in light of Storable's waivers, it is obligated to do so in a separate instrument. The potential availability of

mandamus relief in a separate proceeding does not render Storable's waiver in this action a mere technicality, and this Court has no reason to excuse Storable's waiver.

## IV. Consideration of Storable's Supplemental Brief will Prejudice SafeLease.

Finally, if Storable is permitted to supplement its brief, SafeLease will suffer prejudice. Storable claims the opposite (at 6-7), but Storable profoundly misunderstands the nature of the prejudice here. The prejudice does not flow from a hypothetical ruling against SafeLease on the merits, though that would certainly "prejudice" SafeLease. Rather, the relevant prejudice is that Storable, after its multiple briefing waivers were pointed out, will be able to cure those waivers in contravention of the rules governing preservation and presentation of appellate arguments.

As a practical matter, this means that Storable gets a second bite at the apple on its opening brief, now with the benefit of knowing SafeLease's response arguments, and then to file its reply—all *after* SafeLease filed its response and while doing an end-run around the fundamental rule that an appellant cannot, having waived an issue in its opening brief, use its reply brief to "cure a deficiency in the opening brief."

13

*Hogg*, 553 S.W.3d at 65. Allowing Storable to fix its arguments using SafeLease's critiques is not fair to SafeLease. Nor would allowing Storable to supplement its opening brief be fair given that oral argument is only five weeks away, leaving little time for SafeLease to substantively respond to Storable's new arguments.

As discussed above, Storable admitted its ignorance of the law and that it only became aware of this Court's preexisting precedents because of SafeLease's brief. In other words, SafeLease's pointing out that the waivers occurred will be the reason the waivers are cured. That is not how appellate briefing and procedure works. If it were, no party would be incentivized to point out waiver and no waiver would ever be effective. Ignorance of the law is no excuse for a briefing waiver—but if this Court permits Storable's supplemental brief, it will have to hold the contrary.

## PRAYER

The Court should strike Storable's Supplemental Brief.

14

Respectfully submitted.

August 19, 2025

/s/ *Judd E. Stone II*
JUDD E. STONE II
  State Bar No. 24076720
CHRISTOPHER D. HILTON
  State Bar No. 24106403
MICHAEL R. ABRAMS
  State Bar No. 24087072
CODY C. COLL
  State Bar No. 24116214
ALEXANDER M. DVORSCAK
  State Bar No. 24120461
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
judd@stonehilton.com
chris@stonehilton.com
michael@stonehilton.com
cody@stonehilton.com
alex@stonehilton.com
(737) 465-3897

*Counsel for Appellee*

CERTIFICATE OF SERVICE

On August 19, 2025, this document was served on counsel for all parties, via the Court's electronic filing system.

/s/ *Cody C. Coll*
Cody C. Coll

15

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosalinda Luna on behalf of Judd Stone
Bar No. 24076720
rosie@stonehilton.com
Envelope ID: 104586950
Filing Code Description: Other Document
Filing Description: Appellee's Reply in Support of Motion to Strike Supplemental Brief
Status as of 8/20/2025 7:02 AM CST

Associated Case Party: SafeLease Insurance Services, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Delonda Dean | | ddean@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Yetter Coleman | | efile@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Adam Locke | 24083184 | adam@lockelaw.com | 8/19/2025 7:02:00 PM | SENT |
| Cody Coll | | cody@stonehilton.com | 8/19/2025 7:02:00 PM | SENT |
| Courtney Smith | | csmith@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Luke A.Schamel | | lschamel@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Christopher Hilton | | chris@stonehilton.com | 8/19/2025 7:02:00 PM | SENT |
| Judd Stone | | Judd@stonehilton.com | 8/19/2025 7:02:00 PM | SENT |
| Alyssa Smith | | asmith@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Bonnie Chester | | bonnie@stonehilton.com | 8/19/2025 7:02:00 PM | SENT |
| Alexander Dvorscak | | alex@stonehilton.com | 8/19/2025 7:02:00 PM | SENT |
| Shannon Smith | | ssmith@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| R. Paul Yetter | | pyetter@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Susanna R.Allen | | sallen@yettercoleman.com | 8/19/2025 7:02:00 PM | SENT |
| Rosalinda Luna | | rosie@stonehilton.com | 8/19/2025 7:02:00 PM | SENT |

Associated Case Party: Storable, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dale Wainwright | | dale.wainwright@gtlaw.com | 8/19/2025 7:02:00 PM | SENT |
| Justin Bernstein | | bernsteinju@gtlaw.com | 8/19/2025 7:02:00 PM | SENT |
| Ray Torgerson | | rtorgerson@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosalinda Luna on behalf of Judd Stone
Bar No. 24076720
rosie@stonehilton.com
Envelope ID: 104586950
Filing Code Description: Other Document
Filing Description: Appellee's Reply in Support of Motion to Strike Supplemental Brief
Status as of 8/20/2025 7:02 AM CST

Associated Case Party: Storable, Inc.

| Ray Torgerson | | rtorgerson@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
|---|---|---|---|---|
| Carolyn Reed | | creed@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
| Jonna Summers | | jsummers@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
| Lakshmi Kumar | | lkumar@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
| Dolores Brunelle | | dbrunelle@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
| Liza Eoff | | leoff@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
| Neil KentonAlexander | | kalexander@porterhedges.com | 8/19/2025 7:02:00 PM | SENT |
| Cathy Hodges | | catherine.hodges@aporter.com | 8/19/2025 7:02:00 PM | SENT |